■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO FIERRO, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered January 31, 1975, convicting defendant upon his plea of guilty of the crime of robbery in the first degree. After the selection of a jury defendant changed his plea of not guilty to guilty of robbery in the first degree. He was sentenced to an indeterminate term of imprisonment with a maximum of six years. On this appeal he contends that the sentence is excessive; that the court erred in not giving him a physical examination to determine drug addiction; and further, that the court erred in failing to

inquire into the factaul basis of his plea and in failing to advise him that a guilty plea constituted a waiver of certain constitutional rights. As to the latter, the record reveals that the court questioned defendant thoroughly and determined that he understood what he was doing in changing his plea to guilty. Defendant admitted that no promises were made to him and that he understood he could receive a maximum sentence of 25 years. The court is not obligated in every case to inquire of a defendant about his guilt and the propriety of his plea. Such inquiry is within the discretion of the court and this record demonstrates that defendant was represented by counsel and understood what he was doing. Consequently, we should not disturb the guilty plea. *(People v Fooks,* 26 AD2d 991, affd 21 NY2d 338.) The second issue raised by defendant also lacks merit. The record establishes that defendant was not an addict, nor was he using drugs at the time he was arrested. Furthermore, during his stay in the county jail prior to sentencing, defendant showed no symptoms of addiction and he mentioned no drug addiction at the time of sentencing. Under the circumstances, the court was not required to order a medical examination. Finally, in view of defendant's past record and the fact that he could have received a maximum sentence of 25 years, we cannot say that the court abused its discretion in imposing the sentence. *(People v Dittmar,* 41 AD2d 788.) Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.