■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NED CECCHINI, Appellant.—Appeal from a judgment of the County Court of Ulster

County, rendered June 30, 1976, convicting defendant on his plea of guilty of the crime of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment with a mandatory maximum of life and a minimum of six years. Defendant's principal contention on this appeal is that, because he disagreed with the prosecutor's outline of his involvement in the crimes charged, the trial court erred in failing to inquire into the facts of the crime at the time of his guilty plea. An examination of the record discloses that the trial court questioned defendant thoroughly and was satisfied that he fully understood the consequences of changing his plea to guilty. The defendant admitted that he knew that he could receive a minimum sentence of 15 years upon conviction of the first count of the indictment. When asked by the court why he was pleading guilty, defendant replied that the guilty plea was to his benefit since it removed the possibility of a much longer minimum sentence imposable upon conviction of the first degree offense charged in the indictment. The trial court is not bound in every situation to catechize a defendant about his guilt. The record establishes that defendant was represented by retained competent counsel of his own choice and was fully aware of the effect of his plea *(People v Nixon,* 21 NY2d 338; *People v Seaton,* 19 NY2d 404; *People v Fierro,* 50 AD2d 1013). Defendant also raises a challenge to the composition of the jury panel. However, defendant by his voluntary plea with advice of counsel, waived his right to a trial by jury *(Boykin v Alabama,* 395 US 238). He was given ample time to examine the permanent jury list when his trial was put over to the next term after his challenge to the jury panel was denied. Defendant failed to utilize this additional time but chose instead to plead guilty to the lesser offense. There is no merit to defendant's remaining contention that article 220 of the Penal Law is unconstitutional since cocaine is "a relatively harmless drug". The Court of Appeals has held that the sentencing statutes under article 220 do not impose cruel and unusual punishment *(People v Broadie,* 37 NY2d 100, cert den 423 US 950). Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.