(May 27, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON J. BURGOS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 23, 1980, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and sodomy in the first degree. On July 13, 1980, at about 9:30 A.M., defendant, using his belt as well as his hands and fists, beat Jeffrey Dooley, a two- and one-half year-old boy, into a state of unconsciousness. While the child was in this condition, defendant, who was then 24 years of age, committed upon the boy's body an act of sodomy by rectal intercourse. According to the defendant's statement, the beating was administered because Jeffrey had soiled his pants while defendant was baby-sitting him and his own two children. At the time, defendant's wife and Jeffrey's mother, a girl who lived with defendant and his family, were at the laundromat. After cleaning the child up, defendant wrapped him in a blanket and placed him still unconscious on the kitchen floor to prevent his being seen by anyone who happened to come to the door. At about noon, when the two women returned to the house, defendant attempted unsuccessfully to revive the boy. However, before taking the child to the hospital and in order to cover up what he had done, defendant concocted a story with the child's mother to the effect that the child had been kidnapped from her by two unidentified black men while she was out walking and the child had thereafter been returned with his injuries by the kidnappers. On July 24, 1980, after 11 days on life support systems, Jeffrey Dooley died from multiple intracranial hemorrhages caused by the beating. Defendant, who had, after the initial police investigation, been charged with assault, was indicted on the following day for murder in the second degree, manslaughter in the first degree, and two counts of sodomy in the first degree. At his arraignment, he was assigned counsel who subsequently moved to suppress his oral and written statements and certain tangible property seized from defendant's residence. When this motion was denied after a hearing, the selection of a jury was commenced. In the course of the jury selection defendant requested other counsel — a request that was summarily denied by the trial court. After the jury was accepted and the opening statement made by the prosecution, defendant withdrew his previous plea of not guilty and entered a plea of guilty to murder in the second degree and sodomy in the first degree. He was sentenced to 25 years to life on the murder conviction and 8⅓ to 25 on the sodomy, the sentences to run concurrently. On this appeal, defendant urges several grounds for reversal of his conviction, all of which are meritless. Contrary to his chief contention, defendant was fully apprised of his constitutional rights under *Miranda* about 25 minutes before he made his oral admission and about one hour before he signed a statement. In this comparatively brief span of time, there was no requirement that the *Miranda* warnings be repeated, as defendant urges, especially since the warnings are contained in defendant's statement (*People v Johnson,* 49 AD2d 663, 665, affd 40 NY2d 882). As to the oral admissions made by defendant while he was in the hospital after the victim had been taken there, they were made when defendant was not in custody. Therefore, the trial court properly ruled defendant's written and oral statements voluntary. Also,

the court properly denied defendant's motion to suppress the incriminating tangible personal property taken from defendant's apartment on July 13, 1980, because such property was obtained pursuant to the voluntary consent signed by defendant who assisted the searching officers in locating several of the items. The items seized on July 15, 1980 at 2:00 A.M. at defendant's residence were also legally obtained pursuant to a valid consent form signed by defendant's wife who, as a resident thereof, had the right to execute such consent. The items seized on this same date at about 6:00 p.m. were obtained pursuant to a valid search warrant. Therefore, defendant's suppression motion was properly denied in all respects. Inasmuch as defendant's assigned counsel appropriately made such motions, it is difficult to understand defendant's argument that his representation was inadequate. Apparently, the only reason for this contention is that a change of venue motion was not made. However, no adequate basis for such a motion has been shown, even now on this appeal. Defendant's delay until jury selection to request different counsel is sufficient to defeat his claim in this regard (*People v Fruehwirth,* 83 AD2d 975). Defendant's plea was accepted only after the trial court fully and fairly apprised him of its consequences and ascertained by appropriate questioning that he had in fact committed the crimes to which he was pleading and that the plea was freely and voluntarily made. In the course of the allocution, the court said to defendant "I don't want you to say at a later date that you were forced to enter a plea of guilty at this time", and defendant replied "Yes, sir". On this basis, the trial court properly accepted the plea and properly refused at the time of sentencing to permit defendant to withdraw it (*People v Thomas,* 78 AD2d 940). Lastly, the facts and circumstances of these crimes, as outlined above, to which defendant has voluntarily pleaded guilty, are ample basis for the punishment imposed (*People v Dittmar,* 41 AD2d 788). Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.