■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENTON BINK, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 24, 1981, upon a verdict convicting defendant of the crimes of assault in the second degree and reckless endangerment in the first degree. Defendant and two others were jointly indicted for kidnapping in the second degree, assault in the second degree and reckless endangerment in the first degree. There was a severance and defendant Bink was tried alone. The kidnapping charge was dismissed and he was convicted of the remaining two charges. He was sentenced as a second felony offender to two indeterminate terms of imprisonment with minimum terms of three and one-half years and maximum terms of seven years with the sentences to run consecutively. This appeal ensued. The victim, age 15 at the time of the incident in question, testified that on August 29, 1980 she approached an automobile and defendant reached out and grabbed her and dragged her into the car through a window, stating "pay back is a bitch"; that defendant and one of the codefendants forced her to drink liquor and swallow pills; that defendant struck her in the face and she eventually lost consciousness; and that she regained consciousness in the Albany Medical Center Hospital where she was required to remain for five days. The court also permitted her to testify that in March, 1980 defendant threatened to rape her and struck her three times. Evidence was also presented indicating that the victim was thrown from the vehicle while it was traveling at approximately 25 miles per hour. The victim's mother testified that the day prior to the present incident she, her daughter and another were sitting on the porch and defendant said to them "he was going to get us". Defendant initially contends that it was reversible error for the court to receive testimony concerning the facts of the prior assault of the victim by defendant. We disagree. Defendant presented alibi witnesses. The questioned testimony, in our view, was properly received to demonstrate motive on the part of defendant for the crimes charged (*People v Allweiss,* 48 NY2d 40, 46-47; *People v Molineau,* 168 NY 264; *People v Pucci,* 77 AD2d 916). Furthermore, defendant did not object to the testimony and in fact, defendant elaborated on the facts of the prior incident during cross-examination. We reject defendant's contention that his signed statement containing inculpatory remarks should not have been received in evidence. A police officer testified that he gave defendant his *Miranda* rights at the time of his arrest, took him to the police station and questioned him for approximately one-half hour and then had

defendant sign the written statement which contained the *Miranda* warnings. Contrary to defendant's assertion, we conclude that it was unnecessary to repeat the *Miranda* warnings at the police station during this comparatively brief span of time (see *People v Burgos,* 88 AD2d 727). Defendant urges that the sentence of two consecutive terms was improper as the two offenses arose out of the same criminal transaction. Although there was a continuous course of activity, we are of the opinion that the assault and the ejection of the victim from the moving vehicle were successive separate and distinct acts and, therefore, the imposition of consecutive terms was permissible (see *People v Tanner,* 30 NY2d 102; *People v Brown,* 66 AD2d 223). The judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.