■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MOORE, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 13, 1988, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

Defendant pleaded guilty to the crime of operating a motor vehicle while under the influence of alcohol, as a felony, and was sentenced to one year in jail. The sentence was to run consecutively to a term of imprisonment previously imposed on defendant for another crime. In appealing his conviction, defendant now contends that his plea was involuntary insofar as he believed he was going to receive a concurrent sentence.

This issue, however, has not been properly preserved for review since defendant never moved to withdraw the plea or to vacate his conviction *(see, People v Claudio,* 64 NY2d 858, 859; *People v Maye,* 129 AD2d 204, 205). In any event, even were we to address this issue, we would find it lacking in merit. Defendant's plea was accepted only after County Court fully and fairly apprised him of its consequences and ascertained by appropriate questions that defendant had committed the crime to which he was pleading guilty and that the plea was voluntarily made *(see, People v Burgos,* 88 AD2d 727, 728). At the time of defendant's plea, the court asked defendant if he understood that the sentence imposed would be consecutive to any sentence which defendant was then serving and defendant responded that he did. The court therefore informed defendant of the ramifications of his plea and the sentence he would receive *(see, People v Falkenstein,* 111 AD2d 183, *lv denied* 66 NY2d 615). Subsequently, at his sentencing hearing,

defendant stated that he believed the sentence would be concurrent. However, when he made his plea initially, defendant was represented by counsel and the record clearly indicates that defendant knew what he was doing when he entered his plea (see, People v Fierro, 50 AD2d 1013, 1014). County Court therefore properly rejected defendant's argument and its decision should not be disturbed.

Judgment affirmed. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.