■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT J. HAYES, JR., Appellant. [722 NYS2d 445] —Judgment unanimously affirmed. Memorandum: By pleading guilty after jury selection at his trial, defendant waived his contention that County Court erred in summarily denying his motion challenging the composition of the panel of prospective jurors (see, People v Self, 213 AD2d 998; see also, People v Green, 75 NY2d 902, 904-905, cert denied 498 US 860; People v Cecchini, 58 AD2d 713, 714). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT LUKE, Appellant. [725 NYS2d 153] —Judgment unanimously affirmed. Memorandum: In stating on the record that defendant "should serve a long time and not be released to parole until it's absolutely mandatory," the sentencing court did not depart from the plea bargain or in effect impose a determinate term of nine years. Thus, contrary to defendant's contention, the indeterminate term of incarceration of 4½ to 9 years imposed by County Court is legal (see, Penal Law § 70.04 [former (3), (4)]). Defendant's waiver of the right to appeal, which is valid and all-encompassing on its face (see generally, People v Kemp, 94 NY2d 831, 833), bars consideration of defendant's challenge to the severity of the sentence (see, People v Lococo, 92 NY2d 825, 827; People v Hidalgo, 91 NY2d 733, 737). (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Sodomy, 1st Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.