PEOPLE *v.* PHILLIPS.

1. COURTS—JURISDICTION—PERSONAL JURISDICTION—WAIVER.
 The procedural safeguards spelling out the method by which
 a court obtains jurisdiction over the person of an accused
 are all designed for his protection, and if he elects not to
 avail himself of his established procedural rights none should
 be heard to complain.

2. CRIMINAL LAW—PROCEDURE—ARRAIGNMENT—WAIVER.
 A defendant, through his attorney or otherwise, may intention-
 ally relinquish his procedural right to an arraignment on a
 second count added to the information after he has been
 arraigned on the first count.

3. CRIMINAL LAW—WAIVER.
 Waiver is a voluntary relinquishment of a known right, and to
 determine that a criminal defendant waived a right, it must
 be determined that he had the right, that he knew he had
 it, and that he freely and knowingly elected not to exercise
 it.

4. CRIMINAL LAW—PROCEDURE—ARRAIGNMENT—WAIVER.
 Defendant charged with a count of receiving stolen property
 over the value of $100, added to the information after his
 arraignment on an original count of breaking and entering,
 *held* to have waived his procedural right to arraignment on
 the added count when, upon discovering at his trial that he
 had never been arraigned on the added count, the trial judge
 carefully explained that he could move to strike the count or
 elect to waive arraignment on that count, his attorney advised
 the waiver, and he agreed to the attorney's decision, where
 the record shows that he understood his right and was only
 doubtful of the wisdom of waiving it.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law § 219.
[2, 4] 21 Am Jur 2d, Criminal Law § 457.

Appeal from Court of Appeals, Division 3, Lesin-
ski, C. J., and J. H. Gillis and Quinn, JJ., denying
leave for delayed appeal from Muskegon, John H.
Piercey, J. Submitted January 16, 1970. (Calendar
No. 5, Docket No. 52,245.) Decided April 13, 1970.

Louis Phillips was convicted of receiving and con-
cealing stolen property of a value greater than $100.
Defendant's application for leave to take delayed ap-
peal denied by the Court of Appeals. Defendant ap-
peals. Conviction affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Der-
engoski,* Solicitor General, *Paul M. Ladas,* Prosecut-
ing Attorney, and *Lawrence R. Backofen,* Assistant
Prosecuting Attorney, for the people.

*G. Thomas Johnson,* for defendant on appeal.

T. G. KAVANAGH, J. Defendant Louis Phillips and
one Ardis James were charged with breaking and
entering[1] a barber shop on or about March 13, 1967.
Following their arraignment on the information,
a second count was added to the information which
charged Ardis James with receiving and concealing
stolen property over one hundred dollars.[2] To this
added count James entered a plea of guilty.

A second count to the information charging Phil-
lips with the same crime as that to which James
pleaded guilty was added on August 8, 1967 and on
October 10, 1967 the case came to trial. No arraign-
ment or plea to the added count on Phillips' informa-
tion was had until after his trial began.

During the course of the trial, after the prosecu-
tion had put in its case, the trial judge discovered

[1] MCLA § 750.110 (Stat Ann 1965 Cum Supp § 28.305).
[2] MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803).

that there had been no arraignment on the second count. The following excerpts from the transcript of the proceedings indicate what then took place:

"*The Court:* \* \* \* It appearing to the satisfaction of the court that this defendant, Louis Phillips, has never been officially arraigned on the second count charging him with receiving and aiding in the concealment of stolen property. Receiving and aiding in the concealment of stolen property is not an included offense of breaking and entering. It's possible, however, to try a burglary case and a second count of receiving and aiding in the concealment of stolen property. It would appear to me at this time that, certainly, before the conclusion of this trial this court should face up to and does here face up to the situation. It would appear to me there are two alternatives available to the defendant. This count, this defendant never having been arraigned on the second count, and the trial having already progressed on the charge of burglary, that the defendant and his counsel can insist that it not be included in the court's deliberation as a second count, and possession is absolutely not an included offense. However, he can waive the formal arraignment, after conferring with is [*sic*] client, so that when the case proceeds, this court will have before it not only breaking and entering but count 2. Does this fairly state the position which resulted from the discussion which we held at the bench, but out of the hearing of the reporter, would you say, Mr. Glotta?

"*Mr. Glotta:* Yes.

"*Mr. Ainsworth:* Yes, your Honor.

"*The Court:* Do you desire at this time, before proceeding further with your proofs, to counsel with your client? After counseling with your client, we will discuss this again with him before proceeding.

"*Mr. Glotta:* We would like a minute or two.

"*The Court:* We will have a short recess.

\* \* \*

*"The Court:* Now let's get the answer to this question as to whether or not he will waive formal arraignment.

*"Mr. Glotta:* After counseling with my client, we have decided to waive arraignment on the second count.

*"The Court:* You are agreed that the court may, at the conclusion of all the proofs, include count 2 as if this defendant had been arraigned?

*"Mr. Glotta:* Yes.

*"The Court:* Do you understand that, Louis?

*"Mr. Phillips:* Well, I don't fully understand it because the first time I was charged I was charged with B & E and I come back in court and I been charged with another charge.

*"The Court:* This is a lesser count of receiving and aiding in the concealment of stolen property; and since you were not formally arraigned on that count, I am offering your counsel an election. He can, if he wishes, after consultation with you, move to strike the second count. I have now offered him that election. If you are not agreeable with this and wish to confer further with him, we will grant that request. I want it clear in your mind. Do you understand it clearly?

*"Mr. Phillips:* No, I don't understand it. He said that it would be better to waive and I have to do it on —.

*"The Court:* Let's make sure you understand. Let's not proceed one iota further until you do understand. I will explain it further. You are charged with the offense of breaking and entering, B & E. Do you understand that language?

*"Mr. Phillips:* Yes.

*"The Court:* Now, some offenses, for example, let us take the offense of murder in the first degree, an included offense of murder in the first degree is murder in the second degree, manslaughter, and several kinds of assault. Those are what we call included offenses. They are not shown as second counts bceause they are included offenses of the

murder charge. If the jury or the judge do find the defendant not guilty of murder in the first degree can find him guilty of murder in the second degree; and if not guilty of murder in the second degree, could find the defendant guilty of manslaughter, or guilty of felonious assault, or assault with a dangerous weapon. Do you understand that?

"*Mr. Phillips:* I'm listening to you, Judge.

"*The Court:* No—you're listening, but do you understand it?

"*Mr. Phillips:* I understand that, what you said about the counts.

"*The Court:* Now, in this case the original charge against you was breaking and entering. Aiding in the concealment of stolen property was not and is not an included offense of breaking and entering; but, the prosecutor can or may charge it as a second count. Count 1 being breaking and entering and count 2, aiding in the concealment of stolen property. Now, do you follow me?

"*Mr. Phillips:* Yes, I follow you.

"*The Court:* But, when he added a second count, or petitioned the court to add it, he should have promptly brought you in and arraigned you on that second count, see?

"*Mr. Phillips:* Yes.

"*The Court:* He should have brought you in. We have discovered this was not done and that is the reason for covering the matter at this time and informing your attorney that he has a right to make a decision whether he wants to move to strike this second count or allow it to stay in. It should now be done one way or another. Some action should be taken on it and the court is so informing you at this time. I have stated to your attorney that—I mean, that he is in the driver's seat in this situation; that he could either move to strike or he could agree to waive the formality of not having arraigned you, and allow it to stay in. The question is whether you want it in or whether you want it out.

"*Mr. Phillips:* Well, it's up to him.

*"The Court:* Are you willing to let that matter be decided for you by your attorney?

*"Mr. Phillips:* Yes.

*"The Court:* Do you understand it?

*"Mr. Phillips:* I understand part of it.

*"The Court:* I take it, then, Mr. Glotta, you feel it should be in.

*"Mr. Glotta:* I feel it should be in.

*"The Court:* Then, we will treat this as a formal waiver of arraignment on that charge, on the second count, and leave it in as count 2. You may proceed to question your witness.

The trial proceeded and at its conclusion the court found the defendant guilty of receiving and concealing stolen property over one hundred dollars—the second count.

Subsequently a motion for a new trial was heard and denied and leave to appeal was denied by the Court of Appeals for lack of merit on the grounds presented.

We granted leave so that we might consider two questions: The first, expressly argued on appeal—was there a waiver of right to examination and return by a magistrate? And second, implied therein—if so, does the waiver of the right to examination and the waiver of the right to a return by a magistrate amount to an impermissible conferring of jurisdiction on the circuit court?

We treat the implied question first and hold that such a waiver would not amount to an impermissible conferring of jurisdiction on the circuit court.

The jurisdiction of the court over the subject matter is not here questioned. We are concerned only with the validity of the procedure whereby that court sought to exercise its jurisdiction over the person of the accused.

Jurisdiction over the subject matter, of course, could not be conferred by consent or waiver, but

no reason appears why an accused could not subject himself to the court's personal jurisdiction. The procedural safeguards spelling out the method whereby a court obtains jurisdiction over the person of an accused are all designed for his protection. If he elects not to avail himself of the established procedural rights there appears to be none who should be heard to complain.

In accord with the holding in *Fay* v. *Noia* (1962), 372 US 391 (83 S Ct 822, 9 L Ed 2d 837), we hold that a defendant may intentionally relinquish—through his counsel or otherwise—his procedural right to an arraignment. "At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the [defendant]." *Fay* v. *Noia, supra,* 439. Before we will conclude that the defendant has made such a "considered choice", the record before us must support such a determination.

This brings us to the question which was expressly argued on appeal: Did the defendant validly waive his right to arraignment?

Whether or not there was a waiver is a conclusion that can be reached only from an examination of all the circumstances. Since we define waiver as the voluntary relinquishment of a known right, we must determine that the person had a right, that he knew he had it, and that he freely and knowingly elected not to exercise it.

Here he had the right to demand arraignment and the court carefully explained what right he had.

While procedural rights may indeed be as important as substantive rights, in examining the circumstances under which a waiver is asserted, we take into consideration the consequences of a waiver. Here, as the court carefully explained, the dismissal of the second count before arraignment on it would

not prevent a later trial of the charge following arraignment and return thereon.

Our reading of the transcript convinces us that the defendant did understand the right he had. We are satisfied his asserted failure to understand reflected doubt over the wisdom of waiving rather than ignorance of the right.

The election to abide by his counsel's decision was certainly a relinquishment of the explained right and nothing in the transcript supports a conclusion that such relinquishment was not voluntary.

We conclude that there was a voluntary relinquishment of the known right to examination and return by the magistrate and hence a waiver of it.

In order to obviate the question of a miscarriage of justice, we have carefully examined the whole record and find ample evidence to support the conclusion of guilt of the offense charged in the second count.

Affirmed.

T. E. BRENNAN, C. J., DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with T. G. KAVANAGH, J.