■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD A. IVERSEN, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Isseks, J.), rendered August 25, 1978, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to dismiss on the ground that he was denied his constitutional right to a speedy trial (Shea, J.). Judgment affirmed. Defendant's plea of guilty operated as a waiver of his claimed statutory right to dismissal under CPL 30.30 (see *People v Friscia,* 51 NY2d 845). Moreover, as to defendant's claim that he was denied his constitutional right to a speedy trial, the record does not demonstrate a constitutional deprivation, particularly in view of defendant's action in affirmatively seeking to remain in Vermont to contest his extradition for a period of nine months. On balance, no denial of defendant's constitutional right to a speedy trial has been established here (see *People v Taranovich,* 37 NY2d 442). Mollen, P.J., Damiani, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER McKIN-NEY, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Rosenblatt, J.), rendered August 21, 1979, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant failed to preserve for review the error claimed in the jury charge with respect to agency. We therefore find the alleged error to have been waived (see *People v Darrisaw,* 49 NY2d 786; *People v Benoit,* 72 AD2d 648). We see no reason to consider the claim of error in the interest of justice. The defendant concedes the diligent efforts made by the People to locate the informer, whose disappearance was not attributable to the People. He has failed, however, to demonstrate that the missing informer, a longtime friend, would have provided material and relevant testimony tending to exculpate the defendant. As a result, his claim that dismissal of the indictment is required is without foundation (see *People v Maneiro,* 49 NY2d 769; *People v Santiago,* 44 NY2d 924; *People v Jenkins,* 41 NY2d 307). Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.