**Glenn GOSNELL, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 981S243.

Supreme Court of Indiana.

Sept. 29, 1982.

Carr L. Darden, Acting Public Defender, James G. Holland, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for post-conviction relief in which the petitioner sought to withdraw his 1970 plea of guilty to second degree murder upon a charge of first degree murder.

The appeal raises the following issues:

(1) Did the post-conviction relief court err in determining (a) that the petitioner's plea of guilty was entered knowingly and intelligently, and (b) that the petitioner was afforded effective assistance of counsel.

(2) Did the post-conviction relief court err in determining that the petitioner was not denied his right to a speedy trial.

## I.

At the hearing, when the State presented its witnesses, the petitioner's lawyer, who had not been called as a witness by the petitioner, testified in response to a question on direct examination that one of the reasons that he advised his client to plead guilty to second degree murder was that, at the time, a prisoner serving a life term for second degree murder would be eligible for parole sooner than a prisoner serving a life term for first degree murder. The petitioner claims, and the State does not dispute it, that eligibility for parole was not different for first rather than second degree murder convicts. The attorney's testimony was not, however, that there was a statutory provision or other guideline calling for different eligibility but rather that "[t]he experience back in 1970 was that a person doing life imprisonment for second degree murder was getting out, serving less time than a person doing life imprisonment for first degree."

At the hearing, petitioner sought to make the most of the statement about parole eligibility:

"Q. Would it be fair to say that when he pled guilty you gave him the impression that at some point he would be eligible for parole?

A. Oh, yes, definitely...."

Then this colloquy ensued:

"Q. Would it be fair to say that to your recollection of the case, that Mr. Gos-

nell's hopes for parole were an inducement for him to plead guilty to this charge?

A. He wanted to plead guilty regardless. He had made a full confession. The amount of time he had to serve was just something I was trying to do for him so he wouldn't have to serve as much. No, without parole, I don't think there would have been any difference in the plea.... [A]s I recall the death penalty was also still in effect in 1970. If he'd faced a jury he could very well have got the electric chair. All those things are considered on a guilty plea for leniency."

After this came out at the hearing, the petitioner moved to amend the petition to include the claim that he relied on bad advice on the parole question. The court permitted the amendment under Ind. R.P.C. 6, § 4(c):

"At any time prior to entry of judgment the court may grant leave to withdraw the petition, and the petitioner shall be given leave to amend the petition as a matter of right."

 It is elementary that the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. R.P.C. 1, § 5. The judge is the sole judge of the weight of evidence and only where that evidence is without conflict and leads unerringly to a result other than that reached by the trial court, will his decision be set aside. *Lloyd v. State*, (1979) Ind., 383 N.E.2d 1048.

"A plea of guilty should be entirely voluntary and made by one who at the time fully understands the consequences thereof and this is especially true where one is charged with a serious crime." *Ketring v. State*, (1935) 209 Ind. 618, 622, 200 N.E.2d 212.

See also: *Dube v. State*, (1971) 257 Ind. 398, 275 N.E.2d 7.

 This Court has permitted a plea of guilty resulting in an executed sentence to be withdrawn where it was shown that the

prosecutor promised to recommend a suspended sentence and the defendant was told by his attorney that the judge always followed the prosecutor's recommendations, and the defendant testified that he pleaded guilty relying on the statements that he would receive a suspended sentence. Here, unlike the situation in *Dube*, petitioner did not testify at the hearing that he entered his plea because of his understanding about parole, and there is evidence that he freely confessed and wanted to plead guilty and would have done so without regard to the extent of parole rights. Furthermore, the representations made by counsel were subject to being understood by petitioner as they were intended, namely as meaning that appellant could expect to serve less time under a life sentence for second degree murder than under a life sentence for first degree murder. Finally, the representations by counsel occurred prior to his plea, and cannot be truly reflective of his understanding at the time of his plea. Under these circumstances it can hardly be said that the evidence leads unerringly to the result that the plea of guilty should be vitiated.

 Petitioner also had the burden of overcoming the presumption that defense counsel had afforded him effective representation, by strong and convincing proof. *Hollon v. State*, (1980) Ind., 398 N.E.2d 1273. He likewise did not carry this burden. At most, counsel's statement was a lone, careless mistake from which no adverse consequences having nexus with the decision to plead were demonstrated to have stemmed. The record shows that counsel met with petitioner and sought assiduously to inform him of the true situation.

## II.

The indictment for first degree murder was filed on May 7, 1969. Arraignment was not until May 27, 1970. Petitioner next claims that since the State knew where he was in the interim, the delay denied him his right to a speedy trial under the Constitution of the United States and the Indiana Constitution. Harm is asserted because two prospective State's witnesses who petitioner claims had given perjured testimony, could not be found because of the delay and petitioner's ability to defend himself was thereby impaired. The plea of guilty was made knowingly, intelligently and voluntarily. It constituted a waiver of the right to trial. *Brimhall v. State*, (1972) 258 Ind. 153, 279 N.E.2d 557. The right to have a trial expeditiously cannot exist or be enforced apart from the right to trial, and any claim of a denial thereof is waived upon a plea of guilty. *Mathis v. State*, (1980) Ind., 406 N.E.2d 1182. Moreover, no objection was raised at arraignment.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.