■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK JAMES, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered September 9, 1981, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the fourth degree. On April 16 and May 20, 1980, defendant sold heroin to undercover State Trooper Philip Tyler who was conducting an investigation into drug trafficking in Sullivan County. Defendant was indicted on August 14, 1980, and on October 9 or 10, 1980, was apprehended in New York City. During his arrest, defendant was shot and wounded while attempting to escape. Once he had recovered, he was brought to Sullivan County where he was arraigned on November 12, 1980, at which time the People marked the case ready for trial. On the eve of trial — discovery motions had been made in the meantime — defendant discharged his attorney and newly appointed defense counsel brought additional pretrial motions. Finally, on August 19, 1981, defendant, a predicate felon, pleaded guilty to two counts of criminal sale of heroin for which he was sentenced to concurrent terms of three to six years. Defendant contends that his statutory and constitutional rights to a speedy trial were violated. The lower court's failure to suppress the identification testimony of Trooper Tyler is also claimed to be error. We find no merit in either of these arguments. By pleading guilty defendant waived any right to assert that he was entitled to dismissal of the indictment because the prosecution was not ready for trial in accordance with CPL 30.30 (*People v Thill*, 52 NY2d 1020, cert den 454 US 829). His constitutional claims, based on the People's failure to speedily indict and arrest him and on postindictment delay,

are unsustainable for they do not satisfy the standard announced in *People v Taranovich* (37 NY2d 442). The three-month period between the second heroin sale and the indictment was not only relatively short, but amply justified by the desire of the police to continue the ongoing drug investigation (*People v Bryant*, 65 AD2d 333, 338). Furthermore, there was no apparent prejudice to the defense because of the delay and no preindictment incarceration. As for the postindictment period, the bulk of this delay was occasioned by defendant's efforts to avoid arrest, motions made by defense counsel and defendant's insistence on having a new attorney just as the case was about to go to trial. The postindictment delay has been sufficiently explained and, in any event, was just not long enough to amount to a constitutional violation. And since the crucial dates are undisputed, there was no need for the court to hold a formal evidentiary "speedy trial" hearing. The court's refusal to order suppression of Tyler's identification testimony was perfectly proper. While it is true that the officer saw defendant when the arrest was made and when defendant was returned to Sullivan County, and that he also viewed defendant's photograph at the police station, Tyler had a strong independent source for the identification. The transactions between Tyler and defendant occurred in daylight hours during which time Tyler had several minutes on each occasion to observe defendant's features, which included a half-inch scar on the right cheek and a tattoo on the right arm. Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.