■ The People of the State of New York, Respondent, v Kareem C'Allah, Appellant. — Judgment of the Supreme Court, New York County (Burton Roberts, J.), rendered on December 17, 1981, convicting defendant, upon a plea of guilty, of attempted robbery in the second degree and sentencing him as a second felony offender to an indeterminate prison term of 2½ to 5 years to run consecutively with a 16-year Federal term of imprisonment, is affirmed, without prejudice to defendant moving to withdraw his plea. ¶ Defendant asserts that he was deprived of his rights under the Interstate Agreement on Detainers pursuant to CPL 580.20 when the prosecution failed to bring him to trial for more than 180 days after his request, while he was in Federal detention, for disposition of State charges pending against him. It is the position of the People that the Agreement on Detainers is inapplicable to the instant situation. The contend that as a result of the discovery of new evidence, a superseding indictment was obtained which contained different charges than those in the first indictment. Thus, the charge to which the defendant ultimately pleaded guilty was not, they claim, the subject of an accusatory instrument at the time that the defendant was brought to New York but was, instead, the product of a subsequent indictment filed after his return to this jurisdiction. However, as the Court of Appeals has held in *People v Lomax* (50 NY2d 351, 356), for speedy trial purposes, "there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action." The prosecution's attempt to distinguish *People v Lomax* (*supra*) from the present matter is unpersuasive, particularly since the decision in that case was based solely on an interpretation of the statutory language of CPL 30.30 and did not take into consideration the relationship between the initial and any superseding indictment. What is involved here is a single criminal transaction which must be deemed to have commenced on the date that the original accusatory instrument was filed. (*People v Lomax, supra; People v Colon,* 76 AD2d 805.) The People may not avoid operation of the time limitations prescribed in CPL 580.20 simply by the expedient of procuring another indictment, whether it arises out of the discovery of new evidence or otherwise. ¶ The prosecution concedes that the defendant was not produced within the time period required by statute, but relies upon the well-established rule that a plea of guilty operates as a waiver of the right to object to a statutory right to speedy trial under CPL 30.30 (*People v Suarez,* 55 NY2d 940; *People v Friscia,* 51 NY2d 845.) Since there does not appear to be any reasonable ground for distinguishing between the CPL 30.30 right to a speedy trial and the one under CPL 580.20, defendant's arguments in favor of dismissal of the indictment must be rejected. However,

at the time of the plea, the court noted that it was the intention of the parties to preserve defendant's right to file a motion pursuant to CPL 580.20. Consequently, the "assurance on which defendant's plea was predicated having been held to be ineffectual to preserve his right of appeal, he is entitled, if he wishes, to withdraw his plea of guilty" (*People v Di Raffaele,* 55 NY2d 234, 241; *People v Thomas,* 53 NY2d 338). Concur — Kupferman, J. P., Sandler, Carro, Milonas and Alexander, JJ.