(July 12, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HARRIS, Appellant. — Appeal from a judgment of the County Court of Washington County (Leary, J.), rendered November 17, 1982, convicting defendant upon his plea of guilty of the crimes of assault in the first degree and assault in the second degree. ¶ The convictions appealed from arose out of incidents which occurred on May 28 and 29, 1981 at Great Meadow Correctional Facility, where defendant was an inmate. Defendant possessed a weapon made out of razor blades which he used to slash a correction officer. On August 19, 1982, following plea bargaining negotiations, defendant pleaded guilty to the crimes of assault in the first and second degrees. ¶ On this appeal, defendant seeks to reverse his convictions on the ground that he was denied the right to a speedy trial pursuant to CPL 30.30. However, defendant's guilty plea operated as a waiver of this statutory right (*People v Friscia*, 51 NY2d 845, 847). Defendant's further claim that he was denied his constitutional right to a speedy trial (US Const, 6th and 14th Amdts; Civil Rights Law, § 12; CPL 30.20) is also barred. At the plea hearing, defendant, through his defense counsel, specifically stated that as part of the plea bargain, he was waiving his right to the determination of any pretrial motions which he had made or might make. This, of course, included his right to move for dismissal of the indictment on denial of speedy trial grounds. The waiver of the right to a speedy trial has been held to be permissible as long as it was knowingly and voluntarily made (*People v White*, 32 NY2d 393, 399). A review of the minutes of the plea hearing, including the lengthy exchange between the court and defense counsel, clearly indicates that defendant's waiver in this case was both knowing and voluntary. ¶ We also reject defendant's contention that he did not enter into the plea bargaining agreement in a knowing, voluntary and intelligent fashion. The hearing minutes show that the trial court interviewed defendant in a thoughtful and thorough manner before accepting his guilty plea. It elicited from defendant, *inter alia,* an admission of guilt, together with a statement that he understood what rights he was waiving, that he knew what his sentence would be, and that he accepted the plea bargain voluntarily. Accordingly, there is no evidence in the record that defendant's plea was other than voluntary. This position is buttressed by the fact that defendant, as a prior violent felony offender, was well acquainted with the criminal justice system at the time of this hearing. Further, he was actively represented throughout the proceedings in question by competent counsel (see *People v Nixon*, 21 NY2d 338, 353-354, cert den *sub nom. Robinson v New York,* 393 US 1067). ¶ Finally, we hold that the trial court did not abuse its discretion in denying without a hearing defendant's motion to withdraw his guilty plea. The decision of whether to grant a motion to withdraw a previously entered plea lies in the sound discretion of the trial court (CPL 220.60, subd 3; *People v Brockway,* 88 AD2d 1039). The application is properly denied where, as here, the plea was accepted after the trial court fully apprised defendant of its consequences, ascertained that defendant was guilty as charged, and confirmed that he entered his plea voluntarily (see *People v Burgos,* 88 AD2d 727, 728). No further evidentiary hearing was necessary since defendant and his counsel were given ample opportunity to express their views on this matter by the trial court, which properly determined their arguments to be without merit (see *People v Jenkins,* 90 AD2d 854). ¶ Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.