OPINION OF THE COURT
Nicholas L. Pitaro, J.
The defendant moves to dismiss the indictment pursuant to CPL 30.20, 30.30 and the Constitutions of the United States and the State of New York upon the grounds that the defendant has been denied a speedy trial.
FACTS
On September 20,1983, the defendant entered a plea of guilty to the first count of the instant indictment, to wit: criminal possession of a weapon in the third degree, a class D felony, in full satisfaction of all the counts of the indictment. The District Attorney promised to recommend a sentence of 21/2 to 5 years to run concurrently with the sentence the defendant was presently serving. As of that date, the defendant contends that a total of 251 days were chargeable to the People. The case was adjourned to October 24, 1983 for sentence. On October 24, 1983, the case was adjourned at the request of the Probation Department to November 14, 1983.
*869 On November 14, 1983, the defendant appeared for sentence. At that time, the court noted that the probation report indicated that the defendant was serving time for a violation of parole. The court stated that it did not think that the defendant could be sentenced to time concurrent-with his parole violation. The Assistant District Attorney concurred with the court’s statement in this regard. Defendant’s attorney, referring to the defendant, stated for the record that: “He says he’s serving four to eight years and I believe that’s on the Indictment Number that he was arraigned as a predicate felon from Nassau County” (referring to the Nassau County sentence of 4 to 8 years imposed on Jan. 23, 1978). The court then imposed a term of 2Yz to 5 years to run concurrently with the 4- to 8-year term.
On March 22, 1984, the court was notified by the Arthur Kill Correctional Facility that the defendant was a returned parole violator and that the defendant’s sentence must be consecutive. On April 26,1984, the defendant indicated that he did not wish to be resentenced to consecutive time. Because of the illegal sentence previously imposed by the court, the court then allowed the defendant to withdraw his plea of guilty.
This case was then adjourned to various dates, during which time motions and pretrial hearings took place and the case was finally adjourned to July 13, 1984. The defendant contends that as of July 13, 1984, the date the instant speedy trial motion was made, 298 days chargeable to the People had elapsed.
Thus, according to the defendant, 251 days chargeable to the People had elapsed prior to the defendant’s plea of guilty on September 20, 1983. No speedy trial motion was made prior to said date. This court did not hold a hearing so as to determine the validity of defendant’s contention that these 251 days were indeed chargeable to the People. Rather, it was agreed upon by the People, the defendant and the court that in order to expedite the proceedings herein this court should determine the more narrow issue presented herein, which determination may render a hearing on the validity of the defendant’s contention academic.
THE ISSUE
The question of law presented to this court for determination is whether or not the entry of a plea of guilty by the defendant on September 20, 1983, and the subsequent reinstatement of the plea of not guilty on April 26, 1984, as a result of an “illegal” sentence, is a withdrawal of a plea of guilty under CPL 30.30 (5). If it is, then, for the purposes of CPL 30.30, the criminal action is deemed to have commenced on the date of the withdrawal of the *870 plea of guilty. In that event, according to the defendant’s calculations, only 47 days would remain chargeable to the People.
CONTENTIONS OF THE DEFENDANT
The defendant contends that he has been denied his statutory and constitutional rights to a speedy trial. He claims that more than 180 days have elapsed and that the People have not been ready to proceed to trial on this indictment within the statutory time. In particular, he claims that the time which elapsed prior to the vacatur of the plea of guilty on April 26, 1984 should be included in considering whether or not the defendant’s right to a speedy trial has been violated, in view of the fact that there was an over-all error by the defendant, the court and the District Attorney’s office. The defendant contends that his plea of guilty, and the vacatur thereof, must be deemed to be a total nullity and that both the defendant and the indictment must be restored to their respective status quo ante, to wit: the same position existing immediately prior to the entry of the guilty plea. The defendant argues that CPL 30.30 (5) should not apply to the instant situation and does not apply to a withdrawal of a plea of guilty after the imposition of a sentence. Moreover, the defendant claims that even if the court should hold that the defendant’s statutory right to a speedy trial has not been violated, his constitutional right to a speedy trial, pursuant to CPL 30.20 and the Constitutions of the United States and the State of New York, has been violated by virtue of the fact that: the defendant has been incarcerated since October 14, 1982; the delay in bringing him to trial now exceeds two years; the delay cannot be attributed to the defendant; and the delay is the result of the combined error on the part of the defendant, the People and the court.
In essence, the defendant argues that, since his plea of guilty was rendered a nullity by the action of the court, he has not in any way waived, as of the time prior to the guilty plea, a motion to dismiss for violation of his right to a speedy trial. In support of his position, the defendant cites case law, principles of contract law, Black’s Law Dictionary and CPL 220.60 (3).
CONTENTIONS OF THE PEOPLE
The People contend that CPL 30.30 (5) is applicable to this case. It is argued that CPL 220.60 (3), which authorizes the court, in its discretion, to permit a defendant to withdraw his plea of guilty and which provides that the entire indictment, as it existed at the time of such plea, is restored, does not, either expressly or implicitly, modify CPL 30.30 (5). The People also *871 argue that defendant’s plea of guilty acts as a waiver of any rights, existing prior to said plea, for dismissal for failure to provide a speedy trial. It is contended that the only consideration as to whether or not such a waiver must be voided is whether or not the plea, at the time it was taken was entered into voluntarily and knowingly. The People contend that whether or not there was a void plea of sentence does not in any event reopen the speedy trial issues which may have existed prior to the time that the plea of guilty was entered into. The People further argue that CPL 30.20 should not allow the defendant, by referring to general constitutional principles, to achieve indirectly that which he could not achieve directly.
DETERMINATION OF THE COURT
It is the determination of this court that in this case CPL 30.30 (5) is applicable to the withdrawal of defendant’s plea of guilty on April 26, 1984, and pursuant thereto, the criminal action herein must be deemed to have commenced on the date of the withdrawal of the plea. This court rejects defendant’s arguments that: (1) CPL 30.30 (5) is inapplicable to the situation at hand; (2) that the time which elapsed prior to the vacatur of the plea of guilty on April 26, 1984 should be included in considering whether the defendant’s right to a speedy trial has been violated and that the court should deem this action to have commenced on October 14, 1982 for purposes of CPL 30.30.
Furthermore, this court rejects defendant’s argument that his constitutional right to a speedy trial pursuant to CPL 30.20 and the Constitutions of the United States and the State of New York has been violated.
The defendant’s position that CPL 30.30 (5) does not apply to the withdrawal of the plea of guilty in this case after the imposition of sentence is without merit. It is clear in this case that the fact that the defendant had received an illegal sentence on November 14, 1983 was brought to the attention of the sentencing court. The sentencing court, having been made aware of this fact, properly vacated the sentence on April 26, 1984. On that date, the sentencing court proceeded to give the defendant the option of accepting a legal and proper consecutive sentence pursuant to applicable law, or allowing the defendant to withdraw his plea of guilty. The defendant opted to withdraw his plea.
When a plea is induced by a firm promise, which due to circumstance or law cannot be fulfilled, the defendant must be given the option of withdrawing his plea. (Santobello v New *872 York, 404 US 257 [1971]; People v Frederick, 45 NY2d 520 [1978]; People v Selikoff, 35 NY2d 227 [1974], cert denied 419 US 1122.) In this case, the sentencing court informed the defendant that he had been given an illegal sentence and that it would have to be vacated. There is no discernible difference in this defendant’s position at this time from a situation in which, at the time of sentencing, the court informs the defendant that it cannot keep its promise to the defendant because of an unfavorable probation report or because of a prior felony conviction that the court was not aware of at the time the plea was taken. In such instances, the defendant is properly given the option of withdrawing his plea of guilty or accepting a proper alternate sentence from the court. The defendant in this case was properly afforded the opportunity of electing either option, and he chose to withdraw his plea. While it is true that the defendant was incarcerated for some five months following the illegal sentence of the court, this fact does not place this defendant in a situation different from one in which a new trial is ordered following a reversal on appeal and in which the defendant has been incarcerated in the interim. Indeed, in such a case, CPL 30.30 (5) specifically applies.
Thus, this court specifically finds that CPL 30.30 (5) applies to this case, and pursuant thereto, the action herein is deemed to commence, for purposes of CPL 30.30, on the date of the withdrawal of the plea of guilty, to wit: April 26, 1984.
Moreover, notwithstanding the applicability of CPL 30.30 (5) to this case, it is clear to this court that, where a defendant knowingly and voluntarily enters a plea of guilty to one or more crimes charged in the indictment, in satisfaction of the entire indictment, he may not subsequently seek a dismissal of that indictment upon the ground that he was denied a speedy trial. The entry of a plea of guilty acts as a waiver and does not preserve any rights to dismissal on speedy trial grounds that may have accrued prior to the taking of the plea. (People v Thill, 52 NY2d 1020 [1981]; People v Friscia, 51 NY2d 845 [1980]; People v Brothers, 50 NY2d 413 [1980]; People v James, 90 AD2d 920 [1982].)
Waiver and nonpreservation principles by way of plea are applicable to CPL 30.30 speedy trial rights. (People v Thill, supra; People v Adams, 38 NY2d 605 [1976].) Where a defendant is represented by able counsel at all stages of the proceedings and no motion was made to dismiss for failure to prosecute prior to the entry of the plea of guilty, defendant may not subsequently avail himself of any relief on this issue. (People v *873 Adams, supra.) In this case, the record is clear that the defendant was represented by able counsel at all stages of the proceedings and entered the plea of guilty knowingly and voluntarily-
This court also rejects the defendant’s argument which in essence urges that where a plea of guilty is rendered a “nullity” by the court' the waiver of a speedy trial motion as to any delay prior to the plea of guilty is also voided. The argument that the waiver is conditional and ultimately dependent on whether the plea or sentence stemming from it stands or falls on grounds other than voluntariness was denied in People v Taylor (64 AD2d 998 [1978]). In People v Taylor (supra), the defendant contended that there was a willful breach by the District Attorney of his promise not to make a recommendation as to sentence (which promise induced the plea); that this breach was unduly prejudicial to the defendant; and, therefore, it was required that the plea be vacated. At the same time, the defendant brought a speedy trial motion based on the 19 months that had elapsed between the time the defendant was indicted and the time he entered his plea of guilty. The court specifically held that because the speedy trial question was never raised until this appeal (after the entry of a plea and imposition of sentence), the defendant could not avail himself of any relief on that issue, citing People v Adams (supra).
The defendant herein waived his right to raise the speedy trial issue on the day that he knowingly and voluntarily entered into a plea of guilty. Whether or not the court’s sentence is later vacated and the defendant is permitted to withdraw his plea does not reopen a stale speedy trial motion that could have been made prior to the taking of the plea. As to the date that the criminal action is deemed to have commenced, CPL 30.30 specifically denies restoration of the status quo following withdrawal of a guilty plea. This court does not find persuasive defendant’s attempt to seek relief via CPL 30.20, by references to contract law or by invocation of constitutional law principles, as supportive of his claim that he has been denied a speedy trial. The defendant’s argument that by reading CPL 30.30 together with CPL 220.60 (3) it becomes clear that CPL 30.30 (5) does not apply to the situation at hand is also rejected by this court. The fact that CPL 220.60 (3) permits a defendant, at any time prior to the imposition of sentence, to withdraw his plea of guilty in the court’s discretion, in no way indicates that the provisions of CPL 30.30 (5) are modified to the extent that they do not apply to the situation at hand, wherein the sentencing court imposed *874 an illegal sentence, then vacated said sentence and, at defendant’s option, permitted the defendant to withdraw his plea.
It is this court’s conclusion that once the sentence was vacated and the defendant was permitted to withdraw his plea of guilty, CPL 30.30 (5) which contains clear and unequivocal language became applicable to this case, and that none of the defendant’s constitutional rights were violated.
Accordingly, defendant’s motion to dismiss the indictment for denial of the right to a speedy trial is denied in all respects.