**Tony L. WRIGHT, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1285S498.

Supreme Court of Indiana.

Aug. 7, 1986.

John M. Lyons, Lyons & Truitt, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Tony L. Wright pleaded guilty to two counts of dealing in a schedule I controlled substance, a class B felony. He received a fifteen (15) year sentence. On direct appeal he alleges the trial court erred in denying his request for a speedy trial under the Interstate Agreement on Detainers, Ind.Code § 35–33–10–4.

On January 5, 1984, a six count information was filed against Appellant. An arrest warrant was issued on January 6, and on January 10 it was determined Appellant was incarcerated in Alabama. The Alabama Board of Corrections was notified on March 8, 1984, that the Porter County Prosecutor had filed a detainer against Appellant. Appellant was so notified on March 18, and, pursuant to Ind.Code § 35–33–10–4, was instructed as follows:

"[Y]ou have the right to request the appropriate prosecuting officer ... and the appropriate court that a final disposition be made. You shall then be brought to trial within 180 days ... after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in [Ind.Code § 35–33–10–4].

\*       \*       \*       \*       \*       \*

Should you desire such a request for final disposition of any untried indictment, information, or complaint, you are to notify Warden of the institution in which you are confined...."

On March 20, 1984, Appellant mailed a motion for a speedy trial directly to the Porter County Circuit Court, stating only that he had been confined in the Morgan County, Alabama jail for more than ninety (90) days with Indiana detainers pending against him; that his current short-time release date was January, 1985; that he did not wish to protest extradition; and that Alabama Code § 15–9–82 entitled him to a trial within 180 days of the detainer. The motion was filed on April 2, 1984, but was dismissed because Appellant had not been properly arrested, nor had there been an initial hearing. Appellant was transferred to Porter County and appeared at his initial hearing on June 14, 1984. After the withdrawal of two public defenders, Appellant's present counsel was appointed, and on September 26, 1984, moved for discharge pursuant to Ind.R.Crim.P. 4(B), and Ind.Code § 35–33–10–4, which motion was denied. At a hearing on Appellant's motion to reconsider, Appellant argued that his April 2, 1984 motion triggered the 180 day limit. The trial court again denied the motion, citing that Appellant did not notify the proper officials, and that he failed to file the proper materials. A jury trial was set,

but on March 19, 1985, Appellant entered a plea of guilty to two counts of dealing in a schedule I controlled substance.

We now find that Appellant, by pleading guilty, waived any right to have a trial, and thereby, any right to a speedy trial. Justice DeBruler wrote for a unanimous Court in *Gosnell v. State* (1982), Ind., 439 N.E.2d 1153, 1155:

> "The plea of guilty was made knowingly, intelligently, and voluntarily. It constituted a waiver of the right to trial. [Citation omitted.] The right to have a trial expeditiously cannot exist or be enforced apart from the right to trial, and any claim of a denial thereof is waived upon a plea of guilty." [Citation omitted].

Appellant does not in any manner allege that his guilty plea was improperly entered; thus, by knowingly, intelligently, and voluntarily pleading guilty, Appellant has waived not only his right to trial, but also his right to a speedy trial.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.