## PEOPLE v EATON

Docket No. 124438. Submitted May 14, 1990, at Marquette. Decided July 16, 1990. Leave to appeal applied for.

Clifford Eaton, an inmate at the Kinross Correctional Facility, tendered in Chippewa Circuit Court unconditional guilty pleas to charges of attempted delivery of less than fifty grams of a mixture containing heroin and of being a second felony offender. The pleas were tendered pursuant to a plea bargain and were accepted by the court, Nicholas J. Lambros, J. Defendant subsequently was sentenced. He appealed, contending that his convictions and sentences must be vacated due to the failure of the prosecution to bring him to trial within 180 days of his arraignment as required by the "180-day" speedy trial statute.

The Court of Appeals *held:*

Defendant's constitutional and statutory rights to a speedy trial were relinquished by operation of his unconditional pleas of guilty. An unconditional plea of guilty relinquishes all personal jurisdiction defects, including the constitutional and statutory guarantees to a speedy trial.

Affirmed.

CYNAR, P.J., dissented. He would hold that defendant's unconditional plea of guilty does not waive the loss of jurisdiction over him occasioned by the prosecution's failure, without excuse, to bring defendant to trial within 180 days of his arraignment. He would reverse and vacate defendant's convictions and sentences.

CRIMINAL LAW — UNCONDITIONAL GUILTY PLEAS — WAIVER OF PERSONAL JURISDICTION DEFECTS — SPEEDY TRIAL.

An unconditional plea of guilty relinquishes all personal jurisdiction defects, including the constitutional and statutory guarantees to a speedy trial.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Patrick M. Shannon,*

REFERENCES

Am Jur 2d, Criminal Law §§ 865-867.

Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.

Prosecuting Attorney, and *Mark L. Dobias,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: CYNAR, P.J., and WEAVER and GRIFFIN, JJ.

GRIFFIN, J. Defendant appeals his convictions and sentences which resulted from his unconditional pleas of guilty to attempted delivery of less than fifty grams of a mixture containing heroin, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), MCL 750.92; MSA 28.287, and to being a second felony offender, MCL 769.10; MSA 28.1082. Despite his unconditional pleas of guilty pursuant to a plea bargain, defendant argues that his convictions and sentences must be vacated due to the failure of the prosecution to bring him to trial within 180 days of his arraignment as required by Michigan's "180-day" speedy trial statute, MCL 780.131; MSA 28.969(1).[1]

We disagree and hold that defendant's constitutional and statutory rights to a speedy trial were relinquished by operation of his unconditional pleas of guilty.

The relinquishment or forfeiture of these rights occurs by operation of law. Accordingly, a traditional "waiver" analysis which examines the defendant's intention to deliberately and knowingly forego a right or defense is inapplicable.[2]

---

[1] 1988 PA 400 (effective March 30, 1989) amended this statute. We do not apply the 1988 amendments in the instant case but note that they would operate to exclude application of the speedy trial rule under these facts.

[2] The distinction has been explained as follows:

The significant difference between waiver and forfeiture is that a defendant can forfeit his defenses without ever having made a deliberate, informed decision to relinquish them, and without ever having been in a position to make a cost-free

I

Defendant, while an inmate at the Kinross Correctional Facility, was charged on September 3, 1986, with three counts of assault of a prison employee, and one count of delivery of less than fifty grams of a mixture containing heroin. In addition, a supplemental information charged defendant as being an habitual offender, fourth offense. Following a preliminary examination, defendant was bound over to circuit court on September 10, 1986, and was arraigned on the information on September 17, 1986. Finally, on May 26, 1987, defendant pled guilty pursuant to a plea bargain to one count of attempted delivery of less than fifty grams of a mixture containing heroin, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), MCL 750.92; MSA 28.287, and to being a second felony offender, MCL 769.10; MSA 28.1082. Defendant was sentenced to a term of one year and six months to seven years and six months imprisonment to run consecutive to his current term being served. Defendant's subsequent motion to set aside his guilty pleas was denied by the circuit court on December 5, 1989. Defendant appeals his unconditional plea-based convictions as of right. We affirm.

II

At the present time, there is a substantial split of authority within the Court of Appeals on the issue whether a defendant who enters an unconditional plea of guilty relinquishes his constitutional and statutory rights to a speedy trial. Panels of

decision to assert them. Unlike waiver, forfeiture occurs by operation of law without regard to the defendant's state of mind. [Westen, *Away from waiver: A rationale for the forfeiture of constitutional rights in criminal procedure,* 75 Mich L Rev 1214 (1977).]

this Court in *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), lv den 411 Mich 1081 (1981), *People v Williams,* 145 Mich App 614, 617; 378 NW2d 769 (1985), and *People v Rivera,* 164 Mich App 670; 417 NW2d 569 (1987), have held that a guilty plea constitutes such a "waiver" of constitutional rights. Relinquishment of the statutory right to a speedy trial is less clear in these decisions.

Panels in *People v Smith,* 183 Mich App 537; 455 NW2d 719 (1990), *People v Davis,* 123 Mich App 553, 558-559; 332 NW2d 606 (1983), *People v Farmer,* 127 Mich App 472; 339 NW2d 218 (1983), *People v Wolak,* 153 Mich App 60; 395 NW2d 240 (1986), *People v Leroy,* 157 Mich App 334; 403 NW2d 555 (1987), and *People v Sickles,* 162 Mich App 344, 350-351; 412 NW2d 734 (1987), have concluded that constitutional or statutory speedy trial rights are not waived or relinquished by a guilty plea.

The panels of this Court which have held that the "180- day rule" is a viable defense despite an unconditional guilty plea base their decisions on jurisdictional grounds. They note that the pertinent statutory provision, MCL 780.133; MSA 28.969(3), provides that a violation of the speedy trial rule divests the court of jurisdiction and that untried warrants, indictments, and informations or complaints shall be without "any further force or effect. Although never specified, it is assumed that these panels construe the term "jurisdiction" to mean subject-matter jurisdiction rather than personal jurisdiction.

Jurisdiction involves the two different concepts of subject-matter jurisdiction and personal jurisdiction. Subject-matter jurisdiction encompasses those matters upon which the court has power to act. Personal jurisdiction deals with the authority of

the court to bind the parties to the action. Subject-matter jurisdiction is never waivable nor may it be stipulated to by the parties. Personal jurisdiction, however, is always waivable and defects may be corrected by stipulation.

The Supreme Court in *People v Phillips,* 383 Mich 464, 469-470; 175 NW2d 740 (1970), examined the distinction between subject-matter and personal jurisdiction and held that a criminal defendant may "waive" personal jurisdiction defenses:

> The jurisdiction of the court over the subject matter is not here questioned. We are concerned only with the validity of the procedure whereby that court sought to exercise its jurisdiction over the person of the accused.
>
> Jurisdiction over the subject matter, of course, could not be conferred by consent or waiver, but no reason appears why an accused could not subject himself to the court's personal jurisdiction. The procedural safeguards spelling out the method whereby a court obtains jurisdiction over the person of an accused are all designed for his protection. If he elects not to avail himself of the established procedural rights there appears to be none who should be heard to complain.

Later, in *People v New,* 427 Mich 482, 487-488; 398 NW2d 358 (1986), the Michigan Supreme Court looked to federal precedent to determine the scope of constitutional rights relinquished by a plea of guilty. After analyzing the guilty plea trilogy of *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970), *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), and *Parker v North Carolina,* 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970), and the later cases of *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973), and *Menna v New*

*York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195
(1975), the Michigan Supreme Court cited with
approval the following passage from *Menna,* pp 62-
63, n 2:

> Neither *Tollett v Henderson,* 411 US 258 (1973),
> nor our earlier cases on which it relied, *e.g., Brady
> v United States,* 397 US 742 (1970), and *McMann v
> Richardson,* 397 US 759 (1970), stand for the prop-
> osition that counseled guilty pleas inevitably
> "waive" all antecedent constitutional violations. If
> they did so hold, the New York Court of Appeals
> might be correct. However, in *Tollett* we empha-
> sized that waiver was not the basic ingredient of
> this line of cases, 411 US at 266. The point of
> these cases is that a *counseled plea of guilty is an
> admission of factual guilt so reliable that, where
> voluntary and intelligent, it quite validly removes
> the issue of factual guilt from the case.* In most
> cases, factual guilt is a sufficient basis for the
> State's imposition of punishment. *A guilty plea,
> therefore, simply renders irrelevant those constitu-
> tional violations not logically inconsistent [sic]*[3]
> *with the valid establishment of factual guilt and
> which do not stand in the way of conviction, if
> factual guilt is validly established.* Here, however,

[3] We agree with Professor Westen that it appears that the Court
"stumbled over its use of multiple negatives":

Surely the Court meant *"consistent"* rather than *"inconsis-
tent."* After all, the basic theme of the footnote is that a plea of
guilty operates as a conclusive admission of factual guilt and,
as such, renders moot or "irrelevant" all constitutional viola-
tions that would otherwise tend to cast doubt on the defen-
dant's factual guilt, i.e., all constitutional violations that would
otherwise conflict with the valid establishment of factual guilt.
Accordingly, one could say that a guilty plea renders irrelevant
all constitutional violations that are *"not* logically *consistent"*
with the valid establishment of factual guilt; or, alternatively,
one could say that a guilty plea renders irrelevant all constitu-
tional violations that are "logically *inconsistent"* with factual
guilt; but it is a simple non sequitur to say that a guilty plea
renders irrelevant those violations that are *"not* logically *incon-
sistent"* with factual guilt. [Westen, *Away from waiver: A
rationale for the forfeiture of constitutional rights in criminal
procedure, supra,* p 1223, n 21.]

the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar the claim. [Emphasis added.]

The federal Courts of Appeal have employed the *Menna* analysis to hold that speedy trial rights do not survive a guilty plea since the purpose of speedy trial rights is to guarantee that factual guilt is validly established. As the Seventh Circuit Court of Appeals stated in *United States v Gaertner,* 583 F2d 308, 311 (CA 7, 1978), cert den 440 US 918; 99 S Ct 1238; 59 L Ed 2d 469 (1979):

> We believe Gaertner's speedy trial claim, whether based upon the Sixth Amendment or the Due Process Clause of the Fifth Amendment, is not open for our review after pleas of guilty. *The purpose of a prompt trial is to guarantee that the accused's right to a fair trial is not substantially prejudiced by pre-trial delay, or, put another way, to lend assurance that factual guilt is validly established.* Speedy trial violations preclude the establishment of guilt by trial, but a finding of guilt by a proper plea remains a viable option. Simply, the establishment of guilt is not logically inconsistent with speedy trial violations, and does not prevent the government from invoking the criminal process, so long as there is no trial. [Emphasis added.]

The Ninth Circuit Court of Appeals in *United States v O'Donnell,* 539 F2d 1233, 1236-1237 (CA 9, 1976), has also ruled in accord:

> "A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." [*Menna, supra.*]

The appellant in the instant case argues that the rights guaranteed by the Due Process Clause of the Fifth Amendment and by the right to a speedy trial of the Sixth Amendment are analogous to the rights protected by the Double Jeopardy Clause of the Fifth Amendment. He therefore contends that his guilty plea did not waive these violations. We disagree.

\* \* \*

*The protections afforded by the Fifth and Sixth Amendments are different. Their purpose is to insure that factual guilt is validly established.* That is, their purpose is to guarantee that the accused's right to a fair trial is not substantially prejudiced by either pro- [sic] or post-accusation delays. The existence of such violations is consistent with guilt as a matter of fact. If guilt can be validly established such violations are not logically inconsistent therewith. While such violations preclude the establishment of guilt by trial, that is the extent of their reach. The establishment of guilt by a proper plea is not condemned by these protections. The Constitution protects the accused from conviction by trial but not a conviction by way of a plea of guilty. *Tollett* and the *Brady* trilogy control here. *Menna* is inapplicable. [Emphasis added.]

In *State v Anderson,* 417 NW2d 403 (SD, 1988), the South Dakota Supreme Court addressed the defendant's argument that his *statutory* right to a speedy trial was not relinquished by his plea of guilty. In rejecting the defendant's challenge, the South Dakota Supreme Court agreed with the weight of authority from other jurisdictions which holds that statutory rights to a speedy trial are waived or relinquished by a plea of guilty:

Anderson has asserted no violation of his constitutional rights to a speedy trial. He argues solely a technical noncompliance with the 180-day rule, a

now codified speedy trial requirement created by Supreme Court rule. He claims no prejudice.

It is settled law that a voluntary and intelligent plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the prior proceedings. *State v Schulz,* 409 NW2d 655 (SD, 1987); *State v Cowley,* 408 NW2d 758 (SD, 1987); *State v Grosh,* 387 NW2d 503 (SD, 1986); *State v Janssen,* 371 NW2d 353 (SD, 1985).

We hold that noncompliance with the 180-day rule is a nonjurisdictional defect. We agree with the numerous jurisdictions holding that a defendant's plea of guilty waives his claimed statutory right to dismissal under the speedy trial rule. *German v State,* 492 So 2d 622 (Ala Crim App, 1985); *People v Ervin,* 125 AD2d 406; 509 NYS2d 124 (1986); *People v Kay,* 119 AD2d 834; 501 NYS2d 460 (1986); *People v Madsen,* 707 P2d 344 (Colo, 1985); *Gosnell v State,* 439 NE2d 1153 (Ind, 1982); *People v Iversen,* 82 AD2d 895; 440 NYS2d 286 (1981); *People v King,* 83 AD2d 674; 442 NYS2d 227 (1981); *People v Juhans,* 126 Misc 2d 868; 484 NYS2d 432 (1984); *People v C'Allah,* 100 AD2d 754; 474 NYS2d 305 (1984); *People v Harris,* 103 AD2d 891; 478 NYS2d 188 (1984); *Wright v State,* 496 NE2d 60 (Ind, 1986); *People v Hickman,* 129 AD2d 836; 513 NYS2d 849 (1987).

Therefore Anderson, by pleading guilty, waived any objection he might otherwise have claimed under the 180-day rule. [*Anderson,* p 405.]

Although the Michigan statute, unlike the South Dakota rule, refers to "jurisdiction," we believe that the jurisdiction to which the statute refers is *personal* jurisdiction, not subject-matter jurisdiction. The time limitations in the statute are analogous to the time limits for a civil summons and complaint. The untimely issuance or service of a civil complaint does not divest the court of subject-matter jurisdiction, but only of jurisdiction over the person. Such defects are waivable or forfeita-

ble. Cf. *People v Phillips, supra.* Also see *People v Johnson,* 427 Mich 98, 106-107; 398 NW2d 219 (1986) (opinion of Boyle, J.).

At the time of defendant's arraignment in the instant case, the state unquestionably had a legitimate interest in securing a conviction. The "very authority of the state," *People v New, supra,* p 491, at this juncture is unchallenged. The passage of time did not alter the state's interest or its initial authority to act. Although jurisdiction over the person of the defendant may have been lost, defendant's unconditional guilty pleas relinquished this nonjurisdictional defense which was unrelated to the "very authority" of the state to act in the first instance.

The following language from the holding of *People v New, supra,* implies that speedy trial rights are forfeited by a plea of guilty:

> On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea. [*People v New, supra,* p 491.]

As previously stated in *United States v Gaertner* and *United States v O'Donnell,* the purpose of speedy trial rights (both constitutional and statutory) is to assure that factual guilt is validly established.

In our view, the policy considerations advanced by *People v New* are better served by holding that an unconditional plea of guilty relinquishes all personal jurisdiction defects, including the constitutional and statutory guarantees to a speedy trial. Additionally, the anomaly of relinquishment of constitutional but not statutory rights is avoided.

Affirmed.

WEAVER, J., concurred.

CYNAR, P.J. *(dissenting).* I respectfully dissent from the majority's conclusion that defendant's unconditional plea of guilty waives the loss of jurisdiction over him occasioned by the prosecution's failure, *without excuse,* to bring defendant to trial within 180 days of his arraignment as required under MCL 780.131; MSA 28.969(1).

The responsibility for bringing the case to trial does not rest with the defendant, rather, the burden is on the prosecution to justify any delay beyond the 180-day limit. *People v Wolak,* 153 Mich App 60, 66; 395 NW2d 240 (1986). Further, the *Wolak* Court noted:

> [J]urisdiction is not lost if a defendant does not actually go to trial in 180 days. The statute requires only that "good faith action" on the part of the prosecutor and the court system to commence proceedings be initiated within the time limit. Jurisdiction is lost only if a delay is "inexcusable." [*Id.*]

Where the defendant has not contributed to the delay, otherwise unexplained inaction in excess of 180 days is excusable only if caused by "exceptional or unavoidable circumstances." *Id.,* p 66. Delays caused by chronic docket congestion do not constitute excusable delays. *People v Forrest,* 72 Mich App 266, 273; 249 NW2d 384 (1976). Furthermore, as noted by the majority, this Court has held in several previous opinions, including *Wolak, supra,* p 69, that a defendant's subsequent guilty plea does not waive this issue. See *ante,* p 652.

In this case, 251 days passed between defendant's arraignment and entry of his plea. During

that time it appears from the record that the prosecution filed only one motion, on January 13, 1987, to extend the time for trial, specifying:

> That the Prosecuting Attorney has in good faith met with the Defendant's counsel in an attempt to settle the case.

The motion was heard on January 20, 1987, and the court noticed defendant's case for trial on February 25, 1987, still within the 180-day limit. Thereafter on March 6, 1987, without any explanation in the record, the court renoticed defendant's trial for May 20, 1987. No explanation is advanced here on appeal by the prosecution for the delay. Consequently, I feel that there is no alternative but to find that the delay beyond the 180-day limit was inexcusable, and, thus, jurisdiction over defendant in this matter was lost by the trial court.

This issue was recently addressed by another panel of this Court in *People v Smith,* 183 Mich App 537; — NW2d — (1990). In *Smith,* Judge GRIFFIN in dissent advanced the same position as he does in this case writing for the majority. For the majority in *Smith,* Judge SAWYER wrote:

> As for the view of the dissent that the issue of the violation of the 180-day rule is waived since it affects personal, rather than subject-matter, jurisdiction, we must disagree. Even assuming that our colleague in dissent is correct that this issue involves a question of personal jurisdiction, a conclusion upon which we offer no opinion, we do not believe it affects the analysis. The Supreme Court explained in *People v New,* 427 Mich 482, 495-496; 398 NW2d 358 (1986), what issues are waived by a guilty plea:
>
> "In summary, in addition to the *Reid* [*People v Reid,* 420 Mich 326; 362 NW2d 655 (1984)] condi-

tional plea situation, a criminal defendant may appeal from an unconditional guilty plea or a plea of nolo contendere only where the claim on appeal implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged. Such rights are never waived by a plea of guilty or nolo contendere. Where the claim sought to be appealed involves only the capacity of the state to prove defendant's factual guilt, it is waived by a plea of guilty or nolo contendere."

Thus, the question is not, as our dissenting colleague would hold, whether defendant could waive the issue. See *post,* pp 543-544, 548. Rather, the question is whether the issue goes to the state's authority to prosecute or to the state's ability to prove guilt. The 180-day rule involves the former issue, not the latter. Accordingly, it is not waived by a guilty plea. Simply put, the issue is not whether defendant *could* have waived the issue, but whether he *did* waive it. In the case at bar, defendant did not. [*Smith,* pp 541-542, emphasis in original.]

A standard which requires only a good faith effort on the part of the prosecution to justify a delay beyond the 180-day limit is by no means an onerous one. Yet in this case, the prosecution advanced no reason whatsoever for the delay. The majority in *Smith* reversed and vacated the defendant's conviction. I would do the same here.