PEOPLE v WOLAK

Docket No. 83464. Submitted November 15, 1985, at Detroit. Decided January 14, 1986.

Walter Wolak entered a plea of nolo contendere to charges of second-degree murder and felony-firearm in Wayne Circuit Court and was sentenced to consecutive prison terms, Michael Stacey, J. Wolak was later sentenced to concurrent prison terms on two other convictions. On September 14, 1982, the Court of Appeals peremptorily reversed Wolak's convictions for second-degree murder and felony-firearm on the ground that the trial court failed to advise Wolak that he could not be placed on probation if he pled guilty to the charges and erroneously remanded the case to Detroit Recorder's Court instead of Wayne Circuit Court. The error was discovered on December 14, 1982, and the court file was sent to Wayne Circuit Court. A trial date of May 26, 1983, was set but later adjourned to August 9, 1983. On May 20, 1983, Wolak moved to dismiss the charges against him, arguing that the court had lost jurisdiction under the 180-day rule. The court, Thomas Foley, J., denied defendant's motion to dismiss and granted the prosecution's motion to reinstate defendant's original conviction and sentence on the basis of a recent Supreme Court decision. Defendant appealed and the Court of Appeals remanded the case to the trial court for reconsideration. The trial court, Thomas Foley, J., then vacated its order reaffirming defendant's original conviction on the ground that by reaffirming the original conviction the court had violated the law of the case doctrine. Defendant then moved again to quash the charges on the basis of the 180-day rule. The motion was again denied, Helene N. White, J., and defendant thereafter pled guilty to the charges and was resentenced. Defendant appealed.
*Held:*

1. The 180-day rule applies to this case. Defendant was an inmate of a Michigan penal institution when an untried infor-

REFERENCES

Am Jur 2d, Criminal Law §§ 849 *et seq.,* 857, 865 *et seq.*

Excludable periods of delay under Speedy Trial Act. (18 USCS §§ 3161-3174). 46 ALR Fed 358.

mation was pending against him due to the reversal of his convictions.

2. The period of inactivity following the reversal of defendant's convictions began to run on September 14, 1982, the date on which his convictions were reversed, and continued to run until March 29, 1983, when a pretrial conference was held. In all, 195 days elapsed between those two dates. The delay involved herein was not inevitable or due to exceptional or unavoidable circumstances. The delay was not excusable.

3. Defendant did not waive his 180-day rule claim by subsequently pleading guilty to the charges.

4. Under the 180-day rule, the trial court had no jurisdiction over defendant in this matter, and the trial court was required to dismiss the charges against defendant.

Reversed.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

An inmate of a Michigan penal institution is entitled to trial on pending untried charges within 180 days from the time the prosecuting attorney receives notice that the charged person is an inmate; if through no fault of the inmate trial is not held within 180 days, the burden is on the prosecutor to justify the delay and, if the prosecutor does not justify the delay, jurisdiction over the inmate on the pending charges is lost and the trial court must dismiss the charges with prejudice (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

A good faith effort by a prosecuting attorney to comply with the 180-day rule does not necessarily stop the 180-day period from running; the burden imposed by the statute rests as much upon the court as upon the prosecutor (MCL 780.131; MSA 28.969[1]).

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — INEXCUSABLE DELAY.

A 3-month delay in bringing an inmate to trial on pending untried charges caused by erroneous remand of the case by the Court of Appeals to the wrong court is attributable to the court system and is inexcusable; the 180-day period for bringing the inmate to trial was not tolled during that delay.

4. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — GUILTY PLEAS — WAIVER.

An inmate's claim that the 180-day rule prohibits his being prosecuted on an untried charge constitutes a jurisdictional claim; such a claim therefore is not waived by a subsequent guilty plea to the charge (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. On September 8, 1981, defendant, Walter Wolak, pled nolo contendere to second-degree murder, MCL 750.317; MSA 28.549, and to felony-firearm, MCL 750.227b; MSA 28.424(2). On September 29, 1981, defendant was sentenced to consecutive prison terms of two years on the felony-firearm conviction and not less than four nor more than fifteen years on the second-degree murder conviction. On September 14, 1982, a panel of this Court peremptorily reversed defendant's convictions on the ground that the trial court failed to advise defendant that he could not be placed on probation if he pled guilty to the charges.

At the time of this reversal, defendant was serving two other sentences in the State Prison of Southern Michigan. He was serving a two- to five-year sentence on a conviction for receiving and concealing stolen property over $100, which he had begun serving on October 1, 1981. He was also serving a concurrent 7½-year federal court sentence for conspiracy to possess with intent to distribute heroin, which he had begun serving April 16, 1982.

This Court's order reversing defendant's conviction herein erroneously remanded the case to Detroit Recorder's Court instead of the Wayne Cir-

cuit Court. This error was not discovered until December 14, 1982, when the court file was finally sent to the Wayne Circuit Court. A pretrial conference on remand was held on March 29, 1983, and a trial date of May 26, 1983, was set. The trial date was subsequently adjourned to August 9, 1983. The record is not clear, but it appears that the adjournment was entered by stipulation of both parties.

On May 20, 1983, defendant moved to dismiss the charges against him, arguing that the court had lost jurisdiction over the matter under the 180-day rule.[1] The trial court decided to hear the motion on the trial date of August 9, 1983. In July, 1983, the prosecution moved in the trial court to affirm defendant's original conviction, despite this Court's reversal of that conviction. On August 9, 1983, the trial judge granted the prosecution's motion on the basis of the recent Supreme Court decision in *People v Jackson*[2] and reinstated defendant's original conviction and sentence. In *Jackson,* the Supreme Court held that a trial court's failure to inform a pleading defendant that he cannot receive probation does not constitute a per se reversible error. The trial judge also denied defendant's motion raising the 180-day rule.

Defendant appealed from the trial judge's August, 1983, rulings and this Court, on May 23, 1984, remanded the case to the trial judge for reconsideration. On June 18, 1984, the trial judge vacated his order that reaffirmed defendant's original conviction based on the fact that the order violated the law of the case doctrine set out in *People v Whisenant*[3] by effectively overruling this

---

[1] MCL 780.131; MSA 28.969(1).

[2] 417 Mich 243; 334 NW2d 371 (1983).

[3] 384 Mich 693; 187 NW2d 229 (1971).

Court's decision. On July 9, 1984, defendant again moved to quash the charges based on the 180-day rule and, on October 2, 1984, after the trial judge again denied defendant's motion, defendant pled guilty to the charges. On October 11, 1984, defendant was again sentenced to consecutive prison terms of two years and from four to fifteen years. Defendant now appeals as of right from the trial judge's October 2, 1984, denial of his motion to quash based on the 180-day rule.

Initially, we note that MCL 780.131; MSA 28.969(1), which requires a defendant to be brought to trial within 180 days after the prosecution has notice that the defendant is already an inmate of a penal institution of this state, applies in this case. The prosecution does not deny that it had notice that defendant was an inmate in the State Prison of Southern Michigan (pursuant to convictions unrelated to the within case) when this Court reversed defendant's convictions on September 14, 1982. It is also clear that, once the convictions were reversed by this Court, an untried information was pending.[4] Thus, the statute clearly applied as of September 14, 1982.

All questions concerning the 180-day rule begin and end with the statute, the key words of which are "such inmate shall be brought to trial within 180 days."[5] Simply, this statute is mandatory and means that an inmate is entitled to a trial within 180 days. If, through no fault of the inmate, trial is not held within 180 days, the burden is on the prosecutor to justify the delay.[6] If he does not, jurisdiction over the inmate on the charge is lost,

---

[4] *People v Walker,* 111 Mich App 641, 644; 314 NW2d 721 (1981).

[5] MCL 780.131; MSA 28.969(1).

[6] *People v Gambrell,* 131 Mich App 167, 175; 345 NW2d 666 (1983).

and the trial court is directed to enter an order dismissing the charge with prejudice.[7]

Good faith effort by the prosecutor does not necessarily stop the 180-day period from running. This is true because obviously the scheduling of cases is not controlled by the prosecutor. Setting cases for trial and for hearing them lies within the province of the court. The burden imposed by the statute rests as much upon the court as upon the prosecutor. The statute is for the benefit of the inmate.

Defendant, in the trial court and on appeal, raises two arguments as to the proper application of the 180-day rule. If either of defendant's arguments are correct, reversal of his convictions is required.

First, defendant argues that the 180-day period began to run on September 14, 1982. Since action was not taken to bring defendant to trial until his pretrial conference and rearraignment on March 29, 1983, 195 days from this Court's reversal of defendant's convictions, the trial court did not have jurisdiction to hear the charges pursuant to MCL 780.133; MSA 28.969(3), which provides:

> In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

The prosecution counters defendant's argument by claiming that the people cannot be accountable

---

[7] MCL 780.133; MSA 28.969(3).

for the three-month delay caused by this Court's erroneous remand order to Detroit Recorder's Court. The prosecution argues, and the trial judge held, that the 180-day period did not start to run until the file was received in the Wayne Circuit Court on December 14, 1982. We disagree with this application of the 180-day rule by the trial court.

The responsibility for going forward with a case does not rest upon the defendant; rather, the burden is on the prosecutor to justify delay exceeding 180 days. In *People v Forrest*,[8] we addressed a 215-day delay which was not caused by the defendant. There, the prosecution argued that the delay was excusable since it was caused by the trial court's delayed scheduling of the case due to chronic docket congestion. The *Forrest* Court recognized that jurisdiction is not lost if a defendant does not actually go to trial in 180 days. The statute requires only that "good faith action" on the part of the prosecutor and the court system to commence proceedings be initiated within the time limit. Jurisdiction is lost only if a delay is "inexcusable." The Court then defined excusable delay as follows:

> We hold that, if the defendant has not contributed to the delay, a period of otherwise unexplained inaction in excess of 180 days in the prosecution of a charge pending against an inmate is per se a violation of the statute, unless the people make an affirmative showing of exceptional and unavoidable circumstances which hamper the normally efficient functioning of the trial courts.[9]

The Court went on to hold that delays caused by chronic docket congestion did not constitute excusable delays caused by exceptional or unavoidable

8 72 Mich App 266; 249 NW2d 384 (1976).

9 *Id.,* p 273.

circumstances so as to toll running of the 180-day period. In *Forrest,* the purpose of the 180-day rule of giving a defendant the opportunity of having his sentences run concurrently was preserved only by denying the trial court jurisdiction.

This Court has found delays over 180 days excusable where the delays were attributable to docket congestion caused by the influx of thousands of additional cases due to the 1967 Detroit riots.[10] Unlike the *Forrest* situation, that overload of the system was outside the court's control and some delay was inevitable despite all good faith efforts. The Court held that the inevitable delay was due to exceptional and unavoidable circumstances and, thus, excusable.

We find that the three-month period of delay due to this Court's erroneous remand order in this case is more closely analogous to the chronic docket congestion situation in *Forrest* than to the 1967 Detroit riot docket congestion situation. This delay was caused by circumstances within the control of the court system. The delay was not inevitable and was not due to exceptional or unavoidable circumstances. Thus, we believe that delay was not excusable so as to stop the running of the 180-day period. Consequently, the 180-day period began to run on September 14, 1982.

The factual situation in this case is to be distinguished from that involved in *People v Schinzel (On Remand),*[11] where we found that a delay of more than 180 days caused by docket congestion attributable to a change in Detroit Recorder's Court docketing systems was excusable. Unlike the court error which caused the delay in this case of

[10] *People v Asher,* 32 Mich App 380; 189 NW2d 148 (1971), lv den 385 Mich 767 (1971).

[11] 97 Mich App 508; 296 NW2d 85 (1980), lv den 411 Mich 982 (1981).

three months, the needed change in docketing systems in *Schinzel* caused a delay of more than 180 days itself. Thus, this Court concluded that the delay in *Schinzel* was due to "unavoidable" circumstances which hampered the normally efficient functioning of the trial court.[12]

In the within case, the erroneous remand order resulted in only a three-month delay in the trial court's receipt of the case file. While special attention would better have been given to defendant's case when it was received by the Wayne Circuit Court from Detroit Recorder's Court on December 14, 1982, the prosecution and the trial court, even if they were not aware of the erroneous remand order, still had another three months after the error was revealed to avoid a delay of more than 180 days in this case. Neither a pretrial conference nor an arraignment was held until another 3½ months had passed. The 195-day delay in proceeding after this Court's original remand order was avoidable. Therefore, the functioning of the trial court in this case was not hampered by unavoidable circumstances to an extent which would excuse a delay of more than 180 days. We conclude that, unlike the *Schinzel* situation, the delay in this case was not excusable.

This resolution of the first issue raised on appeal by defendant renders it unnecessary for us to address defendant's second argument on the proper application of the 180-day rule to the substantial delays that occurred in this case after August 9, 1983. However, we do note that much more than a 195-day delay occurred in this case. The trial was not scheduled until May 26, 1983, adding another fifty-eight days to the 195-day delay accrued prior to the arraignment on March

---

[12] *Id.,* p 513.

29, 1983. The parties then appear to have stipulated to a seventy-five day adjournment until August 9, 1983. On August 9, 1983, the trial court erroneously granted the prosecutor's motion to reaffirm defendant's original conviction and then vacated that order on June 18, 1984. That action resulted in another 312-day delay. Finally, even after the trial court vacated its order on June 18, 1984, the matter was not brought before the trial court until September 19, 1984, resulting in an unexplained delay of ninety-two days. As a result of all these delays, not all of which are chargeable to the people under the 180-day rule, this matter was not brought before the trial court for disposition until 732 days after this Court's reversal of defendant's original conviction.

We also note that the prosecution fails to argue that defendant's second guilty plea on October 2, 1984, constituted a waiver of his rights under the 180-day rule. However, even if the prosecution had raised this issue, it would not change the result.

Although there is some doubt as to whether or not a later guilty plea constitutes a waiver of a constitutional speedy trial claim,[13] we agree with this Court's decision in *People v Farmer*[14] that a later guilty plea does not constitute a waiver of a 180-day rule claim since jurisdictional claims are not waived by a guilty plea. Thus, defendant did not waive his 180-day rule claim by subsequently pleading guilty to the charges.

In light of these comments, we believe that the trial court improperly applied MCL 780.131; MSA 28.969(1) in holding that the 180-day period did not begin to run until December 14, 1982. Proper

---

[13] Compare *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), lv den 411 Mich 1081 (1981) (waived), with *People v Davis,* 123 Mich App 553; 332 NW2d 606 (1983) (not waived).

[14] 127 Mich App 472; 339 NW2d 218 (1983).

application of the statute indicates that the 180-day period began to run in this case on September 14, 1982. In terms of application of the 180-day statute, the prosecution did not commence good faith efforts to bring defendant to trial for a period of 195 days from September 14, 1982. Consequently, under MCL 780.133; MSA 28.969(3), the trial court had no jurisdiction over defendant in this matter and was required to dismiss the charges against defendant.

Reversed.