PEOPLE v HEWITT

Docket No. 110027. Submitted December 21, 1988, at Detroit. Decided January 23, 1989.

A complaint and warrant charging Roger E. Hewitt with uttering and publishing was issued on May 21, 1987. In June, 1987, Hewitt began serving sentences on two unrelated convictions. He was arraigned on the uttering and publishing charge on December 3, 1987, and bound over to Recorder's Court of Detroit for trial. On December 22, 1987, defendant stood mute to the charge. On January 8, 1988, defendant pled guilty to attempted uttering and publishing and was sentenced, Paul S. Teranes, J. Defendant appealed, contending his attempted uttering and publishing conviction must be reversed because it was obtained in violation of the 180-day rule.

The Court of Appeals *held:*

The people's contention that defendant's conviction should be affirmed despite an admitted violation of the 180-day rule because neither defendant nor his counsel objected to the delay is rejected. The burden to bring a case to trial is on the state; the defendant need do nothing to expedite his trial date. Good faith action must be taken by the prosecution to bring an incarcerated defendant to trial within the statutory 180-day period. No action was taken in this case. Defendant's conviction must be vacated.

Conviction vacated and case remanded.

1. CRIMINAL LAW — GUILTY PLEAS — 180-DAY RULE.

A valid guilty plea does not waive any claimed error as to a 180-day-rule violation (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — 180-DAY RULE.

Good faith action must be taken by the prosecution to bring an incarcerated defendant to trial within the statutory 180-day period; the burden to bring the case is on the state, and the defendant need not object to a delay in order to preserve his rights under the rule (MCL 780.131; MSA 28.969[1]).

REFERENCES

Am Jur 2d, Criminal Law §§ 849 *et seq.*
See the Index to Annotations under Speedy Trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: MACKENZIE, P.J., and CYNAR and M. E. KOBZA,* JJ.

PER CURIAM. On May 21, 1987, a complaint and warrant issued charging defendant with uttering and publishing. He was not arraigned in district court until December 3, 1987. On December 22, 1987, defendant stood mute to the charge. On January 8, 1988, defendant pled guilty to attempted uttering and publishing, MCL 750.249; MSA 28.446, MCL 750.92; MSA 28.287. He was subsequently sentenced to six months to five years imprisonment. In June, 1987, defendant had begun serving sentences on two unrelated convictions. Defendant now appeals as of right, contending that his attempted uttering and publishing conviction must be reversed because it was obtained in violation of the 180-day rule, MCL 780.131; MSA 28.969(1).

The people concede that more than 180 days passed between defendant's incarceration and his plea and that a valid guilty plea does not waive any claimed error as to a 180-day-rule violation. *People v Wolak,* 153 Mich App 60; 395 NW2d 240 (1986); *People v New,* 427 Mich 482, 495-496; 398 NW2d 358 (1986). The people contend, however, that defendant's conviction should be affirmed de-

* Circuit judge, sitting on the Court of Appeals by assignment.

spite the 180-day-rule violation because neither defendant nor counsel objected to the delay. The people cite no authority for the proposition that a defendant must affirmatively assert his rights under the 180-day rule, and we have found none. Indeed, under the 180-day rule, the burden to bring a case to trial is on the state; the defendant need do nothing to expedite his trial date. See *People v Farmer,* 127 Mich App 472, 477; 339 NW2d 218 (1983). Good faith action must be taken by the prosecution to bring an incarcerated defendant to trial within the 180-day period of MCL 780.131; MSA 28.969(1). Here, no action was taken within that period. Accordingly, defendant's conviction must be vacated.

Conviction vacated and case remanded.