Marilyn Kelly, J.
(dissenting). I would reverse the judgment of the Court of Appeals. I believe that compliance with the 180-day rule established by MCL *274 780.131 and MCL 780.133 requires more than a prosecuting attorney’s good-faith effort to promptly bring an inmate to trial. I would hold that the statutory rule requires an inmate actually to be brought to trial within 180 days.
JURISDICTION UNDER THE 180-DAY RULE
I agree with the majority that the 180-day rule is jurisdictional. This is clear from the language of MCL 780.133, which states:
In the event that, within the time limitation set forth in [MCL 780.131], action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof... . [Emphasis added.]
Thus, if “action is not commenced” within 180 days, as set forth in MCL 780.131, the court is divested of jurisdiction.
I further agree with the majority that MCL 780.133 presents an issue of personal, rather than subject-matter, jurisdiction. Therefore, I concur in the majority’s adoption of Justice Boyle’s analysis on this issue.[1] Notably, if the 180-day rule concerned subject-matter jurisdiction, noncompliance with the rule would not be waivable.[2] Yet it must be waivable, at least when a defendant asserts certain constitutional rights. Were the statute viewed as preventing defense-initiated adjournments, the constitutional rights of the defendant might well be violated.
*275 Therefore, interpreting the 180-day rule as referring to subject-matter jurisdiction would potentially render the entire statute unconstitutional. And it is a fundamental rule of statutory interpretation that if two constructions are possible, one constitutional and one unconstitutional, the constitutional construction should be adopted.[3]
[4]It follows that the 180-day rule is jurisdictional only with regard to personal jurisdiction, which is waivable by a defendant.
I agree with the majority that the 180-day rule divests a court of personal jurisdiction over a defendant if “action is not commenced” within 180 days of the required notice from the Department of Corrections (DOC). My disagreement regards three matters: (a) the calculation of the 180 days, (b) the type of “action” that must be commenced within the statutory time limit, and (c) the precedential effect of People v Hendershot.[4] I address each of these in turn.
CONSTRUING AND ATTRIBUTING DELAY UNDER THE 180-DAY RULE
The majority claims that, in calculating the 180-day period, identifying the source of periods of pretrial delay is not necessary. It believes that such a practice was imported improperly into 180-day-rule jurisprudence from caselaw dealing with the constitutional right to a speedy trial. I disagree the importation was improper. It is true that, when determining whether a defendant’s constitutional right to a speedy trial has been violated, the “reason for the delay” is one of the factors taken *276 into account.[5] However, the allocation of pretrial delay is a necessary corollary of the 180-day rule, as well. Even though the rule does not expressly require a day count and assignment of responsibility for periods of delay, both requirements are implicit in the statute.
MCL 780.131 specifically states the number of days that may pass between the time the DOC certifies notice and the time the defendant must be brought to trial. The specification in the statute of a set number of days implies that a day count is necessary. Furthermore, one must ascribe responsibility for the periods of delay in order to determine which the defendant caused, and thus waived.
A violation of the 180-day rule divests a court of personal jurisdiction. Significantly, only a defendant may waive application of the rule. A prosecutor’s good-faith efforts to prepare for trial or even a trial court’s order to adjourn trial may not waive it. Thus, when it comes to attributing pretrial delay, the majority is correct that it is unnecessary to attribute delay to the prosecutor. The more pertinent inquiry is whether a period of delay may be attributed to and then waived by the defendant.
When a defendant requests an adjournment, the delay occasioned by the adjournment should be attributed to the defendant and not considered when calculating the 180 days that the statute allots. This is because, in requesting an adjournment, a defendant is effectively waiving that period of delay. But by request *277 ing or consenting to a delay, a defendant is not forfeiting the rule requiring action to commence within 180 days; he or she is not forever relinquishing the totality of his or her rights under the 180-day rule. This would have the undesirable effect of permitting a court or prosecutor to delay for an indefinite amount of time after a defendant knowingly requests an adjournment. Rather, by requesting or consenting to a certain period of delay, a defendant is waiving that specific period of delay. Effectively, a defendant may toll the 180-day period.
Hence, any delay that the court grants and that the defendant consents to must not contribute to the 180 days allotted. This interpretation is necessary because defendants cannot be permitted to deliberately create periods of delay and then use those periods to argue that they were denied their statutory right to a speedy trial. On the other hand, a delay attributable to a person or entity other than a defendant cannot be excepted from the 180-day period. Hence, when a trial is unreasonably delayed for reasons outside a defendant’s control, the length of the delay should be counted when calculating whether 180 days have elapsed. Examples are adjournments requested by the prosecution and those caused by a judge because of docket congestion. If 180 days of delay not attributable to a defendant transpire and “action” has not yet commenced, the court is divested of jurisdiction to try the charge.
THE “ACTION” REQUIRED BY THE 180-DAY RULE
In 1959, in the case of People v Hendershot, this Court held that MCL 780.131 allowed the 180-day period to be exceeded if “apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying *278 the case for trial. . . .”[6] The majority rallies behind this interpretation of the 180-day rule. However, the wording of MCL 780.131 and MCL 780.133 does not support it.
The relevant portion of MCL 780.131 provides:
Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole hoard relating to the prisoner. The written notice and statement shall be delivered by certified mail. [Emphasis added.]
Thus, the statute requires that an inmate with pending criminal charges “shall be brought to trial within 180 days after” the DOC delivers written notice of the inmate’s imprisonment to the prosecuting attorney. The use of the word “shall” indicates a mandatory and imperative directive.[7]
The penalty for failure to comply with this statutory mandate is set forth in MCL 780.133:
*279 In the event that, within the time limitation set forth in [MCL 780.131], action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice. [Emphasis added.]
Thus, if “action is not commenced” within 180 days, as set forth in MCL 780.131, the court is divested of jurisdiction.
Contrary to the majority’s approach, I question the need to go beyond the words in the statute and the need to consult a dictionary to discern the Legislature’s intended meaning of commencing “action.” MCL 780.131 mandates that the inmate be “brought to trial” within 180 days, and MCL 780.133 divests the court of jurisdiction over the untried warrant, indictment, information, or complaint when “action is not commenced on the matter” within 180 days. Read together, MCL 780.131 and MCL 780.133 indicate that the “action” to be commenced within 180 days is “trial,” not some undefined effort by the prosecutor or some preliminary proceeding leading to trial. To read the statutes otherwise would be to contradict the Legislature’s mandate in MCL 780.131 that “the inmate shall be brought to trial within 180 days.”
As the Court of Appeals has noted, “All questions concerning the 180-day rule begin and end with the statute, the key words of which are ‘such inmate shall be brought to trial within 180 days.’ Simply, this statute is mandatory and means that an inmate is entitled to a trial within 180 days.”[8]
*280 The majority admits that the 180-day rule consists of both MCL 780.131 and MCL 780.133. However, it ignores MCL 780.131 when interpreting the requirements of the rule and the punishment for noncompliance. Instead, relying on Hendershot, it holds that the statutes allow the 180-day period to be exceeded if “ ‘apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial[.]’ ”[9] But this strained interpretation is far disconnected from the language of the statute.
Not only does the majority’s interpretation ignore the clear legislative mandate in MCL 780.131 that an inmate must be brought to trial within 180 days, it effectively adds nonexistent language to the statute. The text of the statute contains no reference to “good faith.” The majority claims that good faith is not an “exception” to the 180-day rule. Rather, it asserts that good faith is an implicit requirement that the 180-day rule imposes on the prosecuting attorney; all that is required of the prosecuting attorney under the rule is a good-faith effort to bring the case to trial.
Good-faith efforts on behalf of the prosecution must be categorized as a judicially created exception to the 180-day rule, stemming from Hendershot. The 180-day rule requires a trial to begin within 180 days. Anything that allows a trial to be postponed beyond the 180 days allotted is necessarily an exception to the rule. No amount of rationalizing can change the fact that the Legislature wrote in no such exception.
The majority’s interpretation is that if “apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter *281 toward readying the case for trial, the condition of the statute for the court’s retention of jurisdiction is met.” This interpretation contains a second fundamental flaw: it places the burden of good-faith action solely on the prosecution, not on the trial court. Its practical effect is that the judge could indefinitely postpone trial in defiance of MCL 780.131 and MCL 780.133.
The scheduling of cases is within the sole discretion of the court. The prosecutor does not control it. Even if prosecuting attorneys do everything within their power to bring cases to trial, they cannot force courts to schedule trials within 180 days of notice. A court can delay any trial from commencing, citing docket congestion or other reasons. If this type of delay is not taken into account by the 180-day rule, an inmate could be forced to sit in prison indefinitely awaiting trial.
This problem is effectively illustrated by the procedural history of the instant case. The 180-day period relevant to this appeal began on July 23, 2006.[10] On the next scheduled trial date, September 16, 2006, defendant’s recently appointed counsel requested an adjournment to allow him to prepare, and defendant agreed. The next scheduled trial date was November 28, 2006. On that date, defendant and counsel were present in court and prepared to proceed to trial. However, the court adjourned the case, and a new trial date of April 24, 2007, was set. There is no explanation in the record for the 147-day delay caused by this adjournment. On April 24, 2007, the court, on its own motion off the record, adjourned defendant’s trial an additional 77 days, apparently because of docketing concerns. Next, a *282 new trial date was set for July 11, 2007. On that date, the case was adjourned 56 days to September 5, 2007. The court simply explained: “We’ve taken the time here to determine when this case is going to be reset and everybody is going to be available.”
Thus, from November 28, 2006, to September 5, 2007, the court alone adjourned defendant’s trial well in excess of 180 days. Yet the majority concludes that no violation of the 180-day rule occurred.
Under its interpretation and under Hendershot, as long as the prosecutor stands ready for trial, the court may adjourn a trial date as many times as it wishes. It need give no explanation for the length of the adjournments. Thus, even if no “action is commenced” for an indefinite time, a court may retain its jurisdiction over the matter, as long as there is some undefined good-faith effort by the prosecutor. This interpretation strips the 180-day requirement of any practical meaning. And it denies many inmates the legal recourse that the Legislature specifically provided them.
HENDERSHOT AND STARE DECISIS
The majority justifies its interpretation of the 180-day rule with the fact that this Court previously sanctioned such an interpretation in Hendershot. For the reasons I have described, I believe that Hendershot was wrongly decided. If an opinion is wrongly decided, we must apply the doctrine of stare decisis when deciding whether to overrule it. Our analysis always should begin with a presumption that upholding precedent is the preferred course of action.[11] That presumption should prevail *283 unless effectively rebutted by the conclusion that a compelling justification exists to overturn it.[12]
In determining whether a compelling justification exists to overturn precedent, the Court may consider numerous evaluative criteria, none of which, standing alone, is dispositive. These criteria include, but are not limited to, whether (1) the precedent has proved to be intolerable because it defies practical workability, (2) reliance on the precedent is such that overruling it would cause a special hardship and inequity, (3) related principles of law have so far developed since the precedent was pronounced that no more than a remnant of it has survived, (4) facts and circumstances have so changed, or have come to be seen so differently, that the precedent no longer has significant application or justification, (5) other jurisdictions have decided similar issues in a different manner, (6) upholding the precedent is likely to result in serious detriment prejudicial to public interests, and (7) the prior decision was an abrupt and largely unexplained departure from then-existing precedent.[13]
First, I consider whether Hendershot has proved intolerable because it defies practical workability. I believe that this factor weighs strongly in favor of overruling Hendershot. Under Hendershot, it is unclear what constitutes a sufficient basis for a court to determine that the prosecution has acted in good faith to bring a defendant to trial. Making that determination requires an inherently subjective and effectively standardless inquiry. The answer may vary widely from judge to judge.
*284 What constitutes a good-faith effort in the eyes of one judge may not reach the mark in the eyes of another. For example, if a prosecutor delays trial for 180 days while diligently searching for a witness, is that sufficient good faith for a court to excuse the delay and retain jurisdiction? The answer is unclear. Further compounding the impracticability of Hendershot is the question of how a court is to make such a determination from the record. Whether a prosecutor has made good-faith efforts often will not be discernable from the record.
Hendershot contorted the 180-day rule into a confusing and ambiguous test. It left unclear what would constitute a prosecutor’s good-faith efforts and when, if ever, the prosecutor’s efforts would violate the 180-day rule. Ascertaining when a prosecutor should have been ready to proceed to trial will often be an insurmountable feat. Accordingly, Hendershot is innately unworkable.
Second, I consider whether reliance interests weigh in favor of upholding Hendershot. I conclude that this factor slightly favors upholding Hendershot. The Court decided that case more than 50 years ago, and there has been reliance on its holding. However, the reliance has been limited. Even after the Hendershot decision, Michigan courts have interpreted MCL 780.133 inconsistently, causing confusion about what must be done to prevent a court from losing jurisdiction over the defendant on the untried charge. For example, the Court of Appeals has held that the language of the 180-day rule requires an inmate to be brought to trial within 180 days.[14] Lang *285 uage from this Court has further compounded the confusion.[15]
Given that the caselaw on this issue is conflicting, a careful prosecutor or trial judge would not unconditionally rely on Hendershot as foolproof justification for delay in commencing a trial. Furthermore, MCL 780.131 unequivocally states that an inmate “shall be brought to trial within 180 days.”
Third, I consider whether related principles of law have developed since Hendershot was decided that have undermined its authority. As I pointed out, both this Court and the Court of Appeals have held that the 180-day rule requires an inmate to be brought to trial within 180 days notwithstanding Hendershot.[16] Thus, subsequent caselaw has chipped away at the holding in Hendershot, undermining its authority.
Fourth, I consider whether facts and circumstances have so changed or have come to be seen so differently that Hendershot has been robbed of significant justification. I discern no factual or circumstantial changes that weigh for or against overruling Hendershot. Therefore, this factor is inapplicable to my analysis.
Fifth, I consider whether other jurisdictions have decided similar issues in a different manner. This factor also is inapplicable to my stare decisis analysis. Although other jurisdictions have statutorily supplemented the constitutional right to a speedy trial, the unique language of MCL 780.131 and MCL 780.133 renders other jurisdictions’ interpretations of similar statutes unhelpful to our analysis.
*286 Sixth, I consider whether upholding Hendershot is likely to result in serious detriment prejudicial to public interests. This factor weighs in favor of overruling Hendershot. It is in the public interest to see that those accused of crimes are timely brought to trial. It is also in the public interest that both the United States Constitution and the Michigan Constitution be upheld. And both guarantee the right to a speedy trial.[17] Accordingly, the Legislature has statutorily guaranteed an inmate’s right to a speedy trial.
Moreover, the 180-day rule furthers the public interest by ensuring that sentences run concurrently when appropriate. “ ‘The purpose of the [180-day rule] is clear. It was intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences.’ ”[18]
Despite the public’s interest in seeing criminal charges disposed of in a timely manner, Hendershot’s holding permits criminal charges to remain untried for an indeterminate time. While ostensibly protecting an inmate’s statutory right to a speedy trial, it leaves MCL 780.131 devoid of effect in many cases. Thus, Hendershot is detrimental to the public interests addressed by the 180-day rule.
Finally, I consider whether Hendershot represented an abrupt and largely unexplained departure from then-existing precedent. This factor is inapplicable to my stare decisis analysis because Hendershot was the first case to decide the issue. Thus, no precedent existed from which Hendershot could depart.
*287 In summary, Hendershot (1) was wrongly decided, (2) defies practical workability, (3) has been undermined by subsequent caselaw, (4) would not cause a special hardship or inequity if overruled, and (5) has resulted in serious detriment prejudicial to public interests. Accordingly, I conclude that a compelling justification exists for overruling Hendershot.
CONCLUSION
The majority concludes that the 180-day rule is not violated if the prosecution takes some initial action to bring a defendant to trial, unless the action is followed by “inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly.” The flaws in this interpretation are breathtaking. First, the interpretation ignores the clear language of MCL 780.131 that requires an inmate to be brought to trial within 180 days. Second, it imports language into MCL 780.133 that the Legislature never put there by giving a convoluted definition to the word “action.” Third, it allows the trial judge to indefinitely delay a trial by citing docket congestion or other reasons.
The majority relies for its interpretation of the 180-day rule on the holding in Hendershot. However, Hendershot was wrongly decided, and compelling reasons exist to overturn it. I would overrule Hendershot and hold that the statutory 180-day rule requires that trial be commenced within 180 days of notice to the prosecution, excluding periods of delay that a defendant waived. Such a construction is faithful to the statutory language because it gives effect to the mandate of MCL 780.131 that an inmate be brought to trial within 180 days. In light of my analysis, I would reverse the Court of Appeals’ judgment.
CAVANAGH, J., concurred with MARILYN KELLY, J.
*288 Mary Beth Kelly, J.
I do not participate in the decision of this case, which the Court considered before I assumed office, in order to avoid unnecessary delay to the parties. MCR 2.003(B) and (D)(3)(b).

 People v Smith, 438 Mich 715, 724-725; 475 NW2d 333 (1991) (Boyle, J., concurring in the result), overruled on other grounds by People v Williams, 475 Mich 245; 716 NW2d 208 (2006).

 See United, States v Cotton, 535 US 625, 630; 122 S Ct 1781; 152 L Ed 2d 860 (2002) (stating that subject matter jurisdiction “can never be forfeited or waived”).

 Ford Motor Co v State Tax Comm, 400 Mich 499, 518; 255 NW2d 608 (1977) (Williams, J., dissenting), citing State Bar of Mich v City of Lansing, 361 Mich 185, 195; 105 NW2d 131 (1960).

 People v Hendershot, 357 Mich 300; 98 NW2d 568 (1959).

 Four factors to be balanced when determining whether a defendant’s constitutional right to a speedy trial has been violated are: the “ ‘[ljength of delay, the reason for the delay, the defendant’s assertion of his right and prejudice to the defendant.’ ” People v Collins, 388 Mich 680, 687-688; 202 NW2d 769 (1972), quoting Barker v Wingo, 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

 Hendershot, 357 Mich at 304.

 Oakland Co v State, 456 Mich 144, 154; 566 NW2d 616 (1997).

 People v Wolak, 153 Mich App 60, 64-65; 395 NW2d 240 (1986).

 Ante at 257, quoting Hendershot, 357 Mich at 304.

 Williams, 475 Mich at 256 n 4 (holding that the 180-day period begins the day after the prosecuting attorney receives the written notice required by MCL 780.131).

 Petersen v Magna Corp, 484 Mich 300, 317; 773 NW2d 564 (2009) (opinion by Kelly, C.J.).

 Id.

 Univ of Mich Regents v Titan Ins Co, 487 Mich 289, 303-304; 791 NW2d 897 (2010), citing Adarand Constructors, Inc v Peña, 515 US 200, 233-234; 115 S Ct 2097; 132 L Ed 2d 158 (1995).

 Wolak, 153 Mich App at 64 (“All questions concerning the 180-day rule begin and end with the statute, the key words of which are ‘such inmate shall be brought to trial within 180 days.’ Simply, this statute is mandatory and means that an inmate is entitled to a trial within 180 days.”).

 See Williams, 475 Mich at 252 (“MCL 780.133 requires dismissal with prejudice if a prisoner is not brought to trial within the 180-day time limit set forth in the act.”).

 Wolak, 153 Mich App at 64; Williams, 475 Mich at 252.

 US Const, Am VI; Const 1963, art 1, § 20.

 Williams, 475 Mich at 252, quoting and overruling on other grounds People v Loney, 12 Mich App 288, 292; 162 NW2d 832 (1968).