# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 9, 2020

159539 (62)

ANTHONY HART,
      Plaintiff-Appellant,

v

STATE OF MICHIGAN,
      Defendant-Appellee.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 159539
COA: 338171
Ct of Claims: 16-000212-MM

On order of the Court, the motion for reconsideration of this Court's July 29, 2020 order is considered, and it is DENIED, because we are not persuaded that reconsideration of our previous order is warranted. MCR 7.311(G).

CLEMENT, J. (*dissenting*).

I dissent from the Court's decision to deny plaintiff's motion for reconsideration. While I would not grant peremptory relief to plaintiff, I would order briefing and schedule argument on his motion. He argues that the Court of Appeals lacked jurisdiction to dispose of this case because the defendant never filed an application for leave to appeal and, therefore, the Court of Appeals never granted leave to appeal, pointing to the reasoning I articulated in my statement concurring with our prior disposition. See *Hart v Michigan*, _____ Mich _____ (2020) (CLEMENT, J., concurring). The premise of his motion is that a court's lack of jurisdiction can be raised at any time and that he was denied "a meaningful opportunity to argue that leave should not be granted." I disagree with this latter assertion; in the Court of Appeals, plaintiff had the option to file a motion to dismiss under MCR 7.211(C)(2)(a) for lack of jurisdiction, and had he done so, he would have been heard on the matter. Moreover, it is only a defect in *subject-matter* jurisdiction that can be raised at any time; a defect in *personal* jurisdiction can be waived. See *People v Phillips*, 383 Mich 464, 469-470 (1970) ("Jurisdiction over the subject matter, of course, could not be conferred by consent or waiver, but no reason appears why an accused could not subject himself to the court's personal jurisdiction."). So near as I can tell, the only time the Court of Appeals has examined this jurisdictional question at any length, it has concluded that an

application for leave to appeal is more akin to a failure of personal jurisdiction than of subject-matter jurisdiction, and the jurisdictional defect is therefore waived if the appellee does not bring the defect to the Court's attention. See *Guzowski v Detroit Racing Ass'n*, 130 Mich App 322, 325-326 (1983). Under this reasoning, plaintiff's failure to file a motion to dismiss could be construed as a waiver of the jurisdictional defect. However, because it was issued before November 1, 1990, *Guzowski* is not binding on the Court of Appeals. See MCR 7.215(J)(1). Moreover, *Guzowski* was decided nearly two decades before this Court created the possibility of what we might call an "interlocutory appeal of right" limited solely to the issue of whether a governmental defendant should be protected by governmental immunity. See 466 Mich xc (2002). In any event, *Guzowski* is not a decision of this Court and is not binding on us. See *Catalina Mktg Sales Corp v Dep't of Treasury*, 470 Mich 13, 23 (2004). Consequently, while I do not believe the answer here is clear enough to grant peremptory relief to plaintiff, I believe his position is sufficiently colorable that we should order briefing and hold argument on this motion.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 9, 2020



Clerk

t1006